**CITY OF GROTON et al.**

v.

**CONNECTICUT LIGHT & POWER COMPANY et al.**

Civ. No. 15609.

United States District Court,
D. Connecticut.

Dec. 12, 1979.

George D. Brodigan, Robert M. Sussler, Hartford, Conn., Kenneth M. Barna, Boston, Mass., Richard N. Ziff, Norwich, Conn., James Brennan, Jr., New London, Conn., Richard J. Duda, Jewett City, Conn., William H. Regan, Wallingford, Conn., John A. Milici and John J. Ryan, Norwalk, Conn., Charles F. Wheatley, Jr., Washington, D. C., for plaintiffs.

Palmer S. McGee, Jr., Day, Berry & Howard, Hartford, Conn., for defendants.

---

**2.** Companion cases now pending before other courts have experienced similar discovery difficulties.

## RULING ON MOTION FOR PRODUCTION

BLUMENFELD, District Judge.

This ruling decides a question that, at least among reported authorities, is one of first impression: that is, may a non-settling plaintiff force production of the terms of a settlement between a co-plaintiff and the defendant? The instant dispute arose primarily as a result of civil war within the plaintiffs' camp; the rift culminated in a non-aggression pact between defendants' counsel and attorneys representing three of the six plaintiffs, who have now become allied, perhaps for different reasons, in battle against a common foe—counsel for the three *other* plaintiffs.

Until the summer of 1979, all of plaintiffs' attorneys were working together, though not without some discord, in preparation for trial. On the eve of trial in the early fall, for reasons that are unclear and in any event unimportant, Attorneys Brodigan, Sussler, and Barna (on behalf of plaintiffs Groton, Norwich, and Jewett City) broke openly with Attorney Wheatley (representing plaintiffs Wallingford, and Norwalk Second and Third Tax Districts), unleashing a series of events that led up to the instant motion. At a pre-trial conference on October 5, 1979, the court urged all counsel to explore seriously the possibilities for settlement, and the Brodigan group informed all present, including Mr. Wheatley, that it intended to do so. Following negotiations to which Mr. Wheatley was not privy, defendants' counsel and the Brodigan group on November 14 filed a Stipulation for Dismissal with Prejudice, without revealing to the court or Wheatley the terms and conditions of the settlement that had obviously been reached.

Mr. Wheatley immediately took umbrage, charging in a telegram to the court that "the terms of any settlement have not been made known to me, the other plaintiffs or the consultant for all plaintiffs. We were excluded from any negotiations which were conducted in secret by defendants with the three cities [*sic*]." Following the refusal of defendants' counsel to disclose the settlement terms, Mr. Wheatley filed this Motion for Production. He requests, "pursuant to Rule 34 of the Federal Rules of Civil Procedure, . . . that the Court order the Defendants to produce the alleged 'settlement' *as a condition precedent to any action on the proposed 'Stipulation.'*" Motion for Production at 2 (emphasis added). Defendants' counsel and the Brodigan group oppose the motion, questioning even whether it can be made under the Rules, much less whether they should be required to produce the settlement documents.

### Necessity of Court Action

The motion is predicated on an assumption that the court must take some "action" with respect to the stipulation. Defendants argue that a stipulation "signed by the parties *involved in the causes of action covered by the stipulation*" effects dismissal of those causes of action without court approval or supervision. Defendants' Objections at 1–2 (emphasis added). Rule 41(a)(1)(ii), pursuant to which the stipulation was filed, provides in pertinent part:

"Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States [none of which are applicable here], *an action may be dismissed* by the plaintiff without order of court . . by filing a stipulation of dismissal signed by all parties who have appeared in the action." (Emphasis added).

In *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir.), *cert. denied*, 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953), the Second Circuit defined "action" literally and held Rule 41(a)(1) available only for dismissal of *entire* actions, not claims or causes of action. Doubts whether the Rule can be used to dismiss anything other than an entire action were recently expressed again in *Independent Investor Protective League v. Touche Ross & Co.*, 542 F.2d 156, 157 n.2 (2d Cir. 1976). The proper approach in this Circuit

is to seek to withdraw as parties plaintiff under Rule 21, *see Harvey Aluminum, Inc. v. American Cyanamid Co., supra,* at 108, which would leave the action intact, or request leave to amend the complaint under Rule 15(a), *Kerr v. Compagnie de Ultramar,* 250 F.2d 860, 863 (2d Cir. 1958).

Under either Rule 15(a) or Rule 21, the court may inquire into the justice of the movant's request, as Mr. Wheatley asks the court to do now. The present procedural posture of the case is most peculiar, however. The court is faced with a stipulation, the effectiveness of which is in doubt absent court action; at the same time, it is asked to impose on the settling parties a "condition precedent" to action it has not yet been requested to take. A ripeness problem might be presented had the Wheatley motion not been brought under Rule 34, a discovery provision. So that the parties may have this dispute resolved, the court will treat the motion as a standard one for production of documents, rather than as a request to impose a condition on court approval of the stipulation, as was Mr. Wheatley's obvious intent.[1]

### Effect of Discovery Rules

Production under the discovery rules is subject to the limitations of Rule 26(b)(1), which provides in pertinent part:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Relevancy, the touchstone of discovery, is defined in terms of the likelihood that evidence useful to a party's case may be uncovered. *Freeman v. Seligson,* 135 U.S. App.D.C. 56, 405 F.2d 1326, 1335 (D.C.Cir. 1968).

The court has found only one reported case somewhat analogous to the present dispute. In *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559 (S.D.N.Y.1977), plaintiff succeeded in compelling production of a settlement between defendants and a real estate investment trust that held mortgages on defendants' shopping mall and land. The plaintiff had already obtained a federal court judgment in its favor and sought discovery in aid of execution, Fed.R. Civ.P. 69(a).[2] The settlement, which contained a confidentiality clause, had been reached in a separate state court action brought by the trust against the same defendants. The district court, after an *in camera* inspection, carefully limited disclosure "to those portions of the settlement agreement which refer specifically to transfers of assets between defendants and [the mall developer]." 76 F.R.D. at 562. It reached this result by balancing the potential prejudice to the trust from such limited disclosure against the plaintiff's need for information. *Id.*

The same balancing process should be applied in the instant case, but this does not dictate that the same balance be struck. In *Magnaleasing,* the entity claiming prejudice was not a party to the lawsuit, and the settlement at issue had disposed of an entirely unrelated action. Denial of the motion might have prevented the plaintiff, who had already won a judgment for rescis-

---

1. Formal discovery was closed on September 13, 1976 by Pre-Trial Order dated April 30, 1976, "except for good cause shown." The court will consider the motion as an effort to establish such cause.

2. Fed.R.Civ.P. 69(a) provides in pertinent part: "In aid of the judgment or execution, the judgment creditor or his successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held."

Rule 69(a) has been held to incorporate "the full panoply of federal discovery measures, . . . including production of documents under Rule 34." *Magnaleasing, Inc. v. Staten Island Mall, supra,* at 560 n.1.

sion and damages, from recovering any damages at all through execution. And even then, the court scrutinized the settlement agreement *in camera* and limited discovery to eleven specific items therein. In the instant case, by contrast, the prejudice to the settling parties could be significant if production of the settlement terms and conditions were required. As the defendants properly point out:

"The practical effect of disclosing to the non-settling plaintiffs the terms of settlement with the settling plaintiffs is that said amounts will then become the 'floor' for plaintiffs' demands in settlement negotiations. This is neither fair to the settling plaintiffs, who had no 'floor' to assist them in negotiations, nor to the defendants who did not contemplate providing such a 'floor' to the non-settling plaintiffs when defendants entered into settlement with the settling plaintiffs. If those first entering into settlement are required to disclose the terms of their settlement, so that the remaining plaintiffs can use that as a 'floor' for their settlement bargaining, the plaintiffs first entering into settlement are put to a significant disadvantage and such will discourage plaintiffs from being the first to reach a settlement. Disclosure of the terms of settlement in this instance will only impede and not help the chances of reaching settlements with the non-settling plaintiffs."

Defendants' Objections at 6–7. Beyond prejudice to the settling parties, these results would contravene the strong public policy favoring settlement of disputes.

Mr. Wheatley offers two arguments going to the issue of relevance, but neither is greatly persuasive. First, he argues, the settlement may have anticompetitive ef-fects that the non-settling plaintiffs would want to oppose in the present litigation. Second, he contends that disclosure may turn up evidence of "additional anticompetitive activities by Defendants relevant to the ongoing litigation." Motion for Production at 3. Any such anticompetitive effects or activities, however, should not be tested in this action, in which formal discovery closed long ago. The case has advanced to the point where it is ready for trial and allowing the non-settling plaintiffs to develop new grounds for liability at this late date—almost seven years since the complaint was filed—would not serve the interests of judicial efficiency, which form the basis for the discovery rules themselves. *See Burns v. Thiokol Chemical Corp.*, 483 F.2d 300, 304 (5th Cir. 1973). Given this restriction, Mr. Wheatley's need for disclosure in the present litigation would seem rather limited.

Applying the balancing test of *Magnaleasing*, then, I conclude that the potential prejudice to the settling parties far outweighs the non-settling plaintiffs' need for disclosure, making such disclosure inadvisable at this time in the context of a discovery motion.[3] The motion is therefore denied, and it is

SO ORDERED.

---

3. If the settling parties return to court with a Rule 15(a) or Rule 21 motion, Mr. Wheatley will undoubtedly renew his request that the court require disclosure as a condition to grant-ing the motion. This the court has the power to do, and it may be that Mr. Wheatley will be able to advance more persuasive grounds then than he has thus far.