Rick **SERINA**, Plaintiff,

v.

**ALBERTSON'S, INC.**, Defendant.

No. 87–1416–CIV–T–17C.

United States District Court, M.D. Florida, Tampa Division.

Nov. 7, 1989.

Jerrold K. Phillips, Cheeseman, Harris and Phillips, Tampa, Fla., for plaintiff.

J. Scott Brasfield, Williams, Brasfield, Wertz, Fuller & Lamb, St. Petersburg,

Fla., Richard Appel, Akin, Gump, Strauss, Hauer & Feld, Washington, D.C., for defendant.

## ORDER

ELIZABETH A. JENKINS, United States Magistrate.

THIS CAUSE comes on for consideration on plaintiff's Motion to Compel Responses to Interrogatories (Dkt.17) and Motion to Compel Responses to Oral Questions at Deposition (Dkt.18).

Plaintiff, a former Unit Manager employed by defendant, seeks certain bonus compensation amounts allegedly due him under his contract in this action premised on common law contract and fraud causes of action.

Plaintiff seeks an order compelling responses to Plaintiff's Interrogatories 3, 4, 5, 9, and 10, and an order compelling responses to certain questions propounded at the deposition of John Materni, Personnel Director of defendant.

Attached to defendant's response memorandum are a letter and supplemental responses to interrogatories. Following review of defendant's memorandum and attached exhibits, it appears that defendants have now responded to Interrogatories 3, 4, 9, and 10. Therefore, the undersigned will not address plaintiff's motion with regard to these interrogatories as the issues are now moot. In addition, defendants appear to have provided reasonably responsive answers to some of the questions asked at the deposition of John Materni, namely the questions described as follows: Page 59, Line 15; Page 62, Line 24; Page 64, Line 13; and Page 76, Line 1.

Accordingly, the only remaining questions for which plaintiff seeks responses which have not been answered are for Interrogatory 5 and deposition questions as follows: (1) Page 51, Line 9; (2) Page 53, Line 12; (3) Page 54, Line 25; (4) Page 56, Lines 4 and 18; and (5) Page 71, Line 18 (reiterated at Page 76, line 6).

## I. Interrogatories 5(a) and 5(b)

Interrogatory 5 seeks information concerning "bonus managers" (those store managers entitled to bonuses based on store profits under their contract) within Albertson's Southco division from February 25, 1981 until June 25, 1987. The information sought includes the bonus managers' names, addresses and telephone numbers, whether they are current employees, and information concerning compensation they received during this time. Defendant objects to answering questions 5(a) and 5(b) (names, addresses and employment status) on the grounds that the information sought is overly broad and seeks irrelevant information. In addition, defendant objects that the addresses and phone numbers of former and current bonus managers are private and confidential. Defendant has produced information (other than addresses and phone numbers) regarding managers at those stores in the Southco division at which plaintiff worked.

First, plaintiff contends that questions concerning bonus managers at other stores "are calculated to lead to witnesses who have knowledge of the issues of liability and damages and to the methods of calculation involving controversies involving precisely the same substantive issues involved in the present case in chief." In addition, plaintiff argues that since Albertson's argues that its bonus managers were instructed at official corporate training sessions on the terms of the bonus plan, similarly situated employees to the plaintiff "will have knowledge concerning the training, application, and other relevant issues regarding the bonus plan." Such information, plaintiff maintains, will contradict or corroborate plaintiff's position that the contract involved was based on actual store profits "not artificially or arbitrarily-adjusted store profits." Plaintiff, however, cites no case authority supporting his position that such information is relevant in this type of action or that it would lead to the discovery of admissible evidence.

In response, defendant cites authority from the employment discrimination context that information regarding employees

from other departments or offices of a corporate defendant is irrelevant and not discoverable. *See Winfield v. St. Joe Paper Co.*, 20 F.E.P. Cas. 1100 (N.D.Fla.1978); *and James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir.1979). In the employment discrimination context particularly, when presented with claims of individual discrimination a line of authority supports the proposition that discovery should be limited to information concerning the employee's immediate department absent a showing of more particularized need for broader information. *See Prouty v. National R.R. Passenger Corp.*, 99 F.R.D. 545, 547–551 (D.D.C.1983) *citing Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir.1978).

Contrary authority does exist, however, in the employment discrimination context. *See Sweat v. Miller Brewing Co.*, 708 F.2d 655, 658 (11th Cir.1983) (company-wide *statistical* information concerning company's general practices regarding minority employment discoverable to show pretext in individual disparate treatment case); *see also Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307 (5th Cir.1973).

However, courts often apply more liberal discovery rules in Title VII and other civil rights cases than in typical civil cases. *Sweat*, 708 F.2d at 658; *see also Laufman v. Oakley Bldg. & Loan Co.*, 72 F.R.D. 116, 120 (S.D.Ohio 1976) (liberal discovery rationale found to support broad company-wide discovery to show pattern of discrimination under Titles VI and VIII even though no class claims).

Plaintiff in the case at bar brings common law contract and fraud causes of action under the court's diversity jurisdiction and not any claims of employment discrimination under the civil rights laws. The claims stem from particular personnel actions taken with regard to the plaintiff individually. Plaintiff does not seek to bring this case as a class action, nor does the case involve the special concerns inherent in civil rights actions giving rise to greater liberality in discovery.

Further, plaintiff has cited no case support for his proposition that broader discovery would lead to the discovery of relevant evidence. Defendant has provided the names and employment status of individual bonus managers at the stores in the Southco region at which plaintiff worked. It is assumed that these individuals attended the corporate training sessions identified by plaintiff as setting forth company policy regarding the bonus plan. Therefore, they may be able to provide relevant information regarding both the defendant's official policy and the means with which such policy was applied to the stores at which plaintiff worked.

Accordingly, the undersigned finds that the portion of Interrogatory 5 aimed at obtaining information concerning all bonus managers in the Southco division is overly broad. Plaintiff is entitled to discover information regarding those bonus managers in stores in which plaintiff worked.

With regard to the addresses and phone numbers of the individual employees which plaintiff seeks to discover, in accordance with the undersigned's ruling above, plaintiff is not entitled to such information on a division-wide basis. However, with respect to those former bonus managers in stores in which plaintiff worked, the undersigned finds that in balancing the interests of plaintiff in discovering such information and the privacy and confidentiality interests of the individuals involved, plaintiff's interests in obtaining this information with regard to potential witnesses outweighs concerns of confidentiality and privacy expressed by defendant. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985) (announcing balancing test regarding disclosure of names and addresses of potential witnesses).

Because defendant has already disclosed the names and former location of employment for these individuals, the undersigned finds that requiring defendant to provide plaintiff with the last known addresses [1] of

---

1. The undersigned finds it an unnecessary intrusion on the privacy of these individuals and cumulative at this time to direct defendant to provide the last known phone numbers for the bonus managers.

these persons would not tip the balance in favor of non-disclosure. To hold otherwise may cause substantial prejudice to plaintiff in the prosecution of his case as these former Southco division bonus managers are, as a result of the undersigned's ruling above, among the few similarly situated employees from whom plaintiff is entitled to obtain discovery.

Concerning those bonus managers who are still employed by defendant in stores at which plaintiff worked, they are management employees and must be contacted only through defendant's counsel.

The undersigned finds, therefore, that plaintiff's motion to compel should be DENIED insofar as it pertains to Plaintiff's Interrogatories 5(a) and 5(b) except to the extent that the questions have already been answered by defendant through the provision of information regarding those bonus managers employed at stores in which plaintiff has worked.

## II. 5(c) and 5(d) and Deposition Questions

Interrogatories 5(c) and 5(d) seek information concerning additional compensation received by bonus managers during a specified period. Defendant originally answered these questions by stating that the only compensation received by these individuals was salary and bonuses based on store profits. Plaintiff's counsel, at the deposition of John Materni, indicated however that he was seeking in Interrogatory 5 information concerning money paid as a result of other settlements by defendant of similar claims.

Similarly, the certified questions from the deposition of John Materni which remain in dispute deal with the amounts paid to bonus managers as settlement of litigation and the calculation of such amounts.

Rule 408, Fed.R.Evid. declares inadmissible at trial evidence of offers and acceptances of compromises and conduct or statements made in compromise negotiations when offered to show liability or invalidity of a claim. While Rule 408, Fed.R.Evid. is a rule of admissibility of evidence at trial rather than one of discoverability, some courts have made reference to the policy of encouraging settlements embodied in Rule 408 in fashioning a standard to govern the discoverability of such information. *See Bottaro v. Hatton Assoc.*, 96 F.R.D. 158, 160 (E.D.N.Y.1982) (requiring a "particularized" showing of the relevance of information regarding the terms of a settlement); *see also City of Groton v. Connecticut Light & Power Co.*, 84 F.R.D. 420, 423 (D.Conn.1979).

However, other courts have criticized the approach taken by the *Bottaro* court as "out of kilter with the spirit and philosophy of the Federal Rules." *Bennett v. La Pere*, 112 F.R.D. 136, 139 (D.R.I.1986). The *Bennett* court held that information regarding settlements with other individuals ought to be discoverable if not privileged as long as there is "some legitimate relevance of the requested information" and good cause is not shown to prevent disclosure. *Id.* at 138–140.

It is unnecessary for the undersigned to choose among the conflicting standards cited above, however, because under either test plaintiff has failed to meet his burden of making out a factual basis for his claim of relevance of the settlement information sought. Nor has plaintiff cited any authority in support of discovery of such information. Plaintiff merely recites in his motion that the information is relevant to the calculation of damages, yet he fails to set forth how.

The undersigned finds that plaintiff has failed to establish that Interrogatories 5(c) and 5(d), and the deposition questions certified and identified above as still at issue, seeking information on the calculation of and total amounts paid in settlements to claimants making allegations similar to the ones made by plaintiff here, are reasonably calculated to lead to the discovery of admissible evidence on the issue of damages.

Accordingly, the undersigned finds that plaintiff's motion to compel should be DENIED with respect to Interrogatories 5(c) and 5(d) insofar as the questions seek the amounts received by bonus managers via settlement but granted to the extent that

defendant has already provided responses. In addition, the undersigned finds that plaintiff's motion with regard to questions asked at the deposition of John Materni should be DENIED except to the extent answers have already been provided by defendant.

It is, therefore,

ORDERED:

(1) that Plaintiff's Motion to Compel Responses to His Interrogatories (Dkt.17) is DENIED insofar as it pertains to Interrogatories 5(a) and 5(b) except to the extent that the questions have already answered through the provision of information regarding those bonus managers employed at stores in which plaintiff has worked. Plaintiff's motion is GRANTED to the extent that defendant is directed to provide to plaintiff the last-known addresses of former Southco division bonus managers employed at stores in which plaintiff has worked;

(2) that plaintiff's motion (Dkt.17) is DENIED insofar as it pertains to Interrogatories 5(c) and 5(d) with regard to amounts paid through settlements to other bonus managers of defendants but GRANTED to the extent that answers have already been provided by defendant;

(3) that Plaintiff's Motion to Compel Responses to Questions Propounded Orally at Defendant's Deposition (Dkt.18) is DENIED except to the extent that answers have been already been provided by defendant.

DONE and ORDERED.