**Alice R. JONES, Plaintiff,**

v.

**COMMANDER, KANSAS ARMY AMMUNITIONS PLANT, DEPARTMENT OF the ARMY, Defendant.**

**Civ. A. No. 92–1086–FGT.**

United States District Court, D. Kansas.

March 1, 1993.

---

Kenneth Gale, Focht, Hughey & Calvert, Wichita, KS, for plaintiff.

Connie R. DeArmond, Asst. U.S. Atty., Wichita, KS, for defendant.

## MINUTE ORDER

THEIS, Senior District Judge:

IT IS ORDERED that the plaintiff's objections to magistrate's order (Doc. 25) filed in the above captioned case shall be and are hereby overruled.

## ORDER

REID, United States Magistrate Judge.

On October 30, 1992, defendant filed a motion for a protective order limiting the scope of discovery (Doc. 13). On November 5, 1992, plaintiff filed a motion to compel and a response to the motion for protective order (Doc. 15–16). On November 12, 1992, defendant filed a reply on the motion for a protec-tive order (Doc. 20), and a response to plaintiff's motion to compel (Doc. 21).

Plaintiff, a woman, alleges that she was the subject of sexual harassment by a female supervisor, Captain Deborah Blanton, at the Kansas Army Ammunitions Plant in Parsons, Kansas. The controversy over discovery centers on whether plaintiff can seek information about the sexual preference or orientation of Captain Blanton.

■ Relevancy has been defined as encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action. *Snowden v. Connaught Laboratories, Inc.,* 137 F.R.D. 325, 329 (D.Kan.1991); *Gagne v. Reddy,* 104 F.R.D. 454, 456 (D.Mass.1984); *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292, 296 (E.D.Pa.1980); *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–39 (W.D.Okla.1977).

■ There are two distinct categories of sexual harassment claims. The first is *quid pro quo* sexual harassment, in which submission to sexual conduct is made a condition of concrete employment benefits. The second is hostile work environment sexual harassment, which arises when sexual conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment. For the latter to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *Hicks v. Gates Rubber Co.,* 833 F.2d 1406, 1413 (10th Cir.1987). Sexual harassment need not involve conduct that is explicitly sexual in nature, but may

include any harassment or other unequal treatment of an employee, if sufficiently pervasive, that would not occur but for the sex of the employee. *Hicks*, 833 F.2d at 1415; *Campbell v. Board of Regents of State of Kansas*, 770 F.Supp. 1479, 1485–86 (D.Kan. 1991). The case of *Jones v. Flagship International*, 793 F.2d 714, 719, 720 (5th Cir. 1986) similarly lists the elements of hostile work environment sexual harassment as follows:

"(1) *The employee belongs to a protected group, i.e.,* a simple stipulation that the employee is a man or a woman,

(2) *The employee was subject to unwelcome sexual harassment, i.e.,* sexual advances, request for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome in the sense that it is unsolicited or unincited and is undesirable or offensive to the employee;

(3) *The harassment complained of was based upon sex, i.e.,* that but for the fact of her [or his] sex, the plaintiff would not have been the object of harassment;

(4) *The harassment complained of affected a 'term, condition or privilege of employment,' i.e.,* the sexual harassment must be sufficiently pervasive so as to alter the conditions of employment and create an abusive working environment."

■ In hostile work environment sexual harassment cases, incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim. *Hicks*, 833 F.2d at 1415–16. However, incidents too remote in time or too attenuated from plaintiff's situation are not relevant. *Garvey v. Dickinson College*, 763 F.Supp. 799, 801–02 (M.D.Pa.1991). In determining whether or not hostile work environment sexual harassment has occurred, the focus should be on the perspective of the victim. *Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir.1991).

■ With the above concepts in mind, the court will now examine the specific discovery matters which are in dispute. In request for production number one, the plaintiff seeks all officer evaluation reports, with attachments, concerning Captain Deborah Blanton. Defendant does not object to the production of those evaluations covering the time period that the Captain supervised the plaintiff, but objects to those outside of that supervisory period. The court finds that the evaluations of Captain Blanton outside the time period she supervised the plaintiff could lead to relevant evidence. Therefore, the court will require the production of Captain Blanton's evaluations. The court has no objection to the deletion of social security numbers which are contained in those evaluations. The court would also concur if the defendant or Captain Blanton wanted to make the disclosure of her evaluations subject to a protective order. If requested, defendant can prepare such an order, have it signed by counsel, and then submitted to the court for its approval.

■ Plaintiff's request for production number three seeks any and all complaints, memoranda, notes or other documents memorializing or evidencing any formal or informal complaint or report of sexual harassment or other sexual conduct by Captain Blanton against any employee or member of the United States Army. First, plaintiff fails to establish the relevance of any complaint regarding the Captain's sexual conduct. Furthermore, plaintiff fails to define what she means by complaints of sexual conduct. The term is thus vague and ambiguous, making an adequate response very difficult. Furthermore, this case involves allegations of sexual harassment. Thus, discovery should be focused on that issue. While the court acknowledges the potential difficulty in obtaining this material on the Captain, as the government has set forth in its brief, the court finds the information potentially relevant and a reasonable request. Plaintiff is entitled to inquire into whether or not the U.S. Army was aware of other allegations of sexual harassment against Captain Blanton. Defendant shall therefore respond to the request for production as its pertains to sexual harassment. The court would again permit disclosure of this material to be subject to a protective order, as previously noted.

■ Requests for production number 10 and 11 seek copies of all army regulations pertaining to the disqualification, retention, or discharge of homosexuals and copies of all

reports made pursuant to those regulations. Related to this request is defendant's motion for a protective order to prevent inquiry into Captain Blanton's sexual preference or past sexual history or behavior. The court has already ruled on past allegations of sexual harassment against the Captain. The court finds that the Captain's sexual preference, habits, history, or behavior, other than the extent to which she is alleged to have engaged in sexual harassment in the past, is irrelevant. It is not a critical element of proof in this case, as plaintiff alleges. The issue in this case is whether or not the plaintiff was sexually harassed, not whether or not the alleged perpetrator was or could have been sexually interested in the victim because of the perpetrator's sexual preference. The key in a sexual harassment case is the perspective of the victim, i.e., whether or not a reasonable victim or person would believe that he or she was being sexually harassed. *Ellison*, 924 F.2d at 878. The question of whether conduct and speech rises to the level of harassment, putting aside the question of the employer's knowledge, must be considered only from the employee/victim's perspective. Federal law prohibiting racial and sexual harassment are wholly uninterested in the perpetrator's intent. Victims need establish neither the fault nor the discriminatory intent of their supervisors and/or co-workers to succeed under Title VII. Antidiscrimination law is concerned only with the effects of conduct and speech on victims from protected groups. *Harris v. International Paper Co.,* 765 F.Supp. 1509, 1515 (D.Me.1991). Thus, the motives or sexual preference of the perpetrator are completely irrelevant, especially if the victim did not know at the time of the alleged harassment of the sexual preference of the perpetrator. Even then, the key is what the victim knew or had heard concerning the sexual preference of the perpetrator, not what the sexual preference or motives of the perpetrator actually were in the situation. While the court has previously noted the broad parameters of discovery, given the lack of relevance of the information sought, and the clear annoyance and embarrassment that such discovery would cause Captain Blanton, including the possible loss of her job, the court will bar discovery concerning the sexual preference, history or behavior of Captain Blanton except for allegations of sexual harassment made against the Captain. In addition, the court will not require the defendant to respond to requests for production 10 and 11.

IT IS THEREFORE ORDERED that the motion for a protective order is granted, as set forth above.

IT IS FURTHER ORDERED that the motion to compel is granted in part and denied in part, as set forth above.

The next motion before the court is plaintiff's motion to extend the deadlines set forth in the scheduling order, filed on December 17, 1992 (Doc. 22). A response was filed on December 22, 1992 (Doc. 23). After reviewing the arguments of the parties, the court finds good cause shown to extend the discovery deadlines.

IT IS THEREFORE ORDERED that:

a. All discovery shall be completed by March 10, 1993;

b. Any motions to amend shall be filed by March 10, 1993;

c. Any dispositive motions and supporting memoranda shall be filed by April 19, 1993;

d. A final pretrial conference is scheduled for May 3, 1993 at 2:00 p.m. in Room 403, U.S. Courthouse, 401 N. Market, Wichita, Kansas 67202.

e. A settlement conference is scheduled for May 17, 1993 at 1:30 p.m. in Room 403, U.S. Courthouse, 401 N. Market, Wichita, Kansas 67202.