**UNITED STATES of America, Plaintiff,**

**v.**

**The CITY OF TORRANCE,
et al., Defendants.**

**No. CV 93–4142–MRP(RMCx).**

United States District Court,
C.D. California.

July 25, 1995.

James P. Turner, Housing & Civil Enforcement, Civil Rights Division, Washington, D.C., Phillip K. Eure, David Y. Chen, U.S. Dept. of Justice, Civil Rights Division, Washington, D.C., Terree A. Bowers, Assistant United States Attorney, Civil Div.–Federal Bldg., Los Angeles, CA, for plaintiff.

Wayne S. Flick, Latham & Watkins, Los Angeles, CA, John L. Fellows, III, Torrance City Attorney, Torrance, CA, for defendants.

MEMORANDUM DECISION AND OR-
DER RE PLAINTIFF'S MOTION TO
COMPEL DISCOVERY AND DEFEN-
DANTS' MOTION SEEKING PRO-
TECTIVE ORDER

CHAPMAN, United States Magistrate
Judge.

On June 13, 1995, plaintiff and defendants both filed Motions to Compel Discovery and Motions Seeking Protective Orders; Joint Stipulation re Motions to Compel Discovery and Protective Orders; and Supporting Memoranda of Points and Authorities. Plaintiff also filed Declaration of David Y. Chen, with supporting exhibits. Defendants filed Declaration of Wayne S. Flick, with supporting exhibits. On July 19, 1995, defendants filed Supplemental Brief. Said motions are presently pending.

## BACKGROUND

On July 14, 1993, plaintiff filed a Title VII action under 42 U.S.C. §§ 2000e et seq., the Civil Rights Act of 1964. The Court, on September 23, 1993, granted defendants' Motion For a More Definite Statement, and on October 21, 1993, plaintiff filed First Amended Complaint. Plaintiff alleges that defendants, in the hiring of police officers and firefighters, "have pursued and continue to pursue policies and practices that they have discriminated against blacks, Hispanics and Asians and that have deprived or tended to deprive . . . [them] of employment opportunities on the basis of race and/or national origin." (Paragraph 16)

Fact discovery was scheduled to end on February 28, 1995. During fact discovery, plaintiff submitted to defendants First Set of Interrogatories, First Request for Production of Documents, and Second Request for Production of Documents. Defendants responded by providing information and documents for the period of 1981[1] through December 31, 1993; however, defendants refused to provide information and documents subsequent to December 31, 1993, on the ground that such discovery is beyond the relevant time period.

Plaintiff contends that it is entitled to discover information and documents dated or created between January 1, 1994, through February 28, 1995, based on Paragraph 16 of First Amended Complaint, which alleges that defendants' discriminatory policies and practices are ongoing. In its discovery requests propounded to defendants, plaintiff seeks information and documents "to the present." Defendants contend that the information and documents are not relevant because they relate to after the filing date of the First Amended Complaint and, therefore, are beyond the period contemplated by the First Amended Complaint. Defendants also object that it would be burdensome to produce such information and documents.

The parties have met and conferred, pursuant to Local Rule 7.15, and plaintiff has narrowed its motion. It now seeks to compel discovery of the following: supplemental information re Interrogatory No. 6, First Set of Interrogatories; and supplemental documents (dated or created between January 1, 1994, and February 28, 1995) re Request Nos. 7–10, 12–15, 19, 23–27, 46–51, 56–58 and 64, First Request for Production of Documents, and Request Nos. 8–10, 12–15, 18, 19, 25–27 and 43–45, Second Request for Production of Documents. Without setting forth verbatim the foregoing interrogatory and requests, the information and documents sought can be summarized, as follows: Interrogatory No. 6, First Set of Interrogatories, relates to written examinations or other selection devices, which have been discontinued or modified, the reasons for discontinuation or modification, and the identity of the individuals involved in the decision to discontinue or modify the written examination or selection device; the First Request for Production of Documents relates to police department applications, testing, and hiring data, background investigation information, changes in selection procedures, information relating to complaints of discrimination or harassment, and the like; and the Second Request for Production of Documents relates to fire department applications, hiring data, changes in selection procedures, and the like.

---

1. Defendants' objection to discovery prior to 1985 was overruled by the Court on September 15, 1994, and defendants were ordered to provide discovery from January 1, 1981.

## DISCUSSION

Federal Rules of Civil Procedure 26(b)(1) provides for discovery in civil actions, as follows:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things in the identify and location of persons having knowledge of any discoverable matters. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

Rule 26 further permits the discovery of information which "may simply relate to the *credibility* of a witness or other evidence in the case." Schwarzer, Tashima & Wagstaff, *California Practice Guide: Federal Civil Procedure Before Trial,* § 11.21 (1994 revised). (emphasis in original.)

 Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; but the discoverable information need not be admissible at the trial. As commented upon by one court:

"A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action."

*Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan. 1993).

 Defendants' assertion that information and documents created or dated from January 1, 1994, through February 28, 1995, are irrelevant is without merit. Documents from January 1, 1994, through February 28, 1995, are relevant to both plaintiff's claims and defendants' defenses. "[D]ocuments which bear a date after the filing of a complaint may relate to events occurring prior to the filing of the complaint." *Joseph D.B. King v. E.F. Hutton & Co.,* 117 F.R.D. 2, 5 (D.D.C.1987). Additionally, plaintiff's allegations of discriminatory employment policies and practices by defendants are not limited to a time period prior to the filing of the First Amended Complaint; to the contrary, Paragraph 16 of the First Amended Complaint alleges continuing or ongoing employment discrimination by defendants. To interpret the allegations to prohibit discovery after the filing of the First Amended Complaint would arbitrarily limit plaintiff's claims and preclude material evidence at trial.[2] *See Carlson Co. v. Sperry & Hutchinson Co.,* 374 F.Supp. 1080, 1102 (D.Minn.1973). The recent deposition of defendant DeLadurantey shows that defendants are in the enviable position of being able to change their hiring practices while this action is pending. The only way plaintiff can learn of recent, or proposed changes, is through discovery. Limiting defendants' responses to information and documents prior to January 1, 1994, would give defendants an unfair advantage and permit them to "surprise" plaintiff at trial, thereby defeating the purpose behind Rule 26. The documents are further relevant to defendants' defense that this is not a "continuing violations" case.[3] Lastly, the information and documents may relate to the credibility of a witness, such as defendant DeLadurantey.

2. Supporting plaintiff's contention that the information and documents are material is the deposition of defendant Police Chief Joseph DeLadurantey, taken on February 24, 1995, in which defendant DeLadurantey testified that defendants, while the case is pending, are in the process of changing the selection process for police officers. (Depo., 81:9–87:10).

3. "[B]ecause the Police and Fire Departments change selection devices periodically in order to minimize familiarity with the substance by repeat applicants, [defendants] submit[ ] that this is not a 'continuing violations' case." (Decl. Wayne S. Flick, Exh. G., p. 22 n 12).

Defendants' claim that producing the information and documents would be burdensome is specious. The information and documents cover only a fourteen month period, which is minimal compared to the thirteen year span previously subject to discover. Additionally, the information and documents are current, occurring since the commencement of this action and, thus, should be readily available.

Granting plaintiff's motion complies with the purposes behind both the Federal Rules of Civil Procedure and Title VII. "Rule 1 of the Federal Rules of Civil Procedure directs that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' There probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted.... The Supreme Court of the United States has stated that these rules 'are to be accorded a broad and liberal treatment.' *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947); *Schlagenhauf v. Holder,* 379 U.S. 104, 114–15, 85 S.Ct. 234, 240, 13 L.Ed.2d 152 (1964). [¶] The imposition of unnecessary limitations on discovery is especially frowned upon in Title VII cases.... [I]n Title VII cases ... courts have refused to allow procedural technicalities to impede the full vindication of guaranteed rights." *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983). *See .Eastland v. Tennessee Valley Authority,* 553 F.2d 364, 370 (5th Cir.1977), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977); *Rich v. Martin Marietta Corp.,* 522 F.2d 333, 343 (10th Cir. 1975).

■ Rule 26(c) governs the granting of protective orders. It requires that the party seeking a protective order establish "good cause" for the order, and that a protective order be issued only when "justice requires [it] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Defendants have not shown with particularity or specificity "good cause" for the issuance of a protective order. To the contrary, they merely assert that compliance with plaintiff's motion would be a burden. Conclusory assertions are insufficient to establish "good cause." Thus, defendants' motion for a protective order is without merit.

## ORDER

1. Plaintiff's Motion to Compel Discovery is GRANTED. Defendants shall, within ten (10) days, do the following: Supplement their answer to Interrogatory No. 6, First Set of Interrogatories, providing information from January 1, 1994, through February 28, 1995; and produce for inspection and copying by plaintiff, at a mutually convenient location, all documents dated or created between January 1, 1994, and March 1, 1995, responding to Request Nos. 7–10, 12–15, 19, 23–27, 46–51, 56–58 and 64, First Request for Production of Documents, and Request Nos. 8–10, 12–15, 18, 19, 25–27, and 43–45, Second Request for Production of Documents.

2. Defendants' Motion for Protective Order is DENIED.

3. The Clerk of Court is to promptly serve this Memorandum Decision and Order on the parties.