**Wayne HASELHORST, Plaintiff,**

v.

**WAL–MART STORES, INC., et al., Defendants.**

**No. 94–1237–MLB.**

United States District Court, D. Kansas.

Aug. 9, 1995.

Caleb Boone, Hays, KS, for plaintiff.

Mark D. Katz, Jack T. Bangert, Sherman, Taff & Bangert, P.C., Leawood, KS, Steven D. Steinhilber, Sherman, Taff & Bangert, P.C., Kansas City, MO, for defendants.

### ORDER

REID, United States Magistrate Judge.

On May 26, 1995, plaintiff filed a motion to compel (Doc. 55–56). A response was filed on July 18, 1995 (Doc. 65–66). No reply brief was filed.

In their response, defendant asserts that plaintiff's counsel has failed to make a reasonable effort to confer with opposing counsel prior to filing the motion, as is required under Fed.R.Civ.P. 37(a)(2)(B) and D.Kan.Rule 210(j). Since plaintiff did not file a reply brief, the factual assertions set forth by defendant on this issue are therefore uncontested. Plaintiff did not file a certificate of compliance, as is required by the federal and local rule. Based on the facts set forth by the defendant, the court finds that plaintiff's counsel has failed to adequately confer prior to the filing of the motion. For this reason, the motion is denied.

However, the court would like to briefly comment on the merits of the motion itself. This court has previously set forth the scope of discovery in employment discrimination cases, as follows:

> In employment discrimination cases, discovery is usually limited to information about employees in the same department or office absent a showing of a more particularized need for, and the likely relevance of, broader information. *See Earley v. Champion International Corp.*, 907 F.2d 1077, 1084–85 (11th Cir.1990); *James v. Newspaper Agency Corp.*, 591 F.2d 579, 582 (10th Cir.1979); *Serina v. Albertson's, Inc.*, 128 F.R.D. 290, 291–92 (M.D.Fla. 1989); *Prouty v. National Railroad Passenger Corp.*, 99 F.R.D. 545, 547 (D.D.C. 1983). When the employment decisions were made locally, discovery may properly be limited to the employing unit. *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 907 (6th Cir.1991); *Earley*, 907 F.2d at 1084. In the absence of any evidence that there were hiring or firing practices and procedures applicable to all the employing units, discovery may be limited to plaintiff's employing unit. *See Joslin Dry Goods Co. v. Equal Employment Opportunity Commission*, 483 F.2d 178, 184 (10th Cir.1973).

*Miller v. Yuasa–Exide, Inc.*, No. 94–1307–MLB, 1995 WL 606807 (D.Kan. July 17, 1995). Since plaintiff has failed to present any evidence to justify discovery beyond plaintiff's employing unit, all of plaintiff's discovery requests that seek information beyond plaintiff's employing unit are overly broad. Therefore, defendant does not need to respond to any of those requests.

In addition, the court finds that a blanket request for personnel files of any potential witness or other employee whose name is mentioned in discovery is unwarranted. The mere fact that a person may be a witness in a case does not automatically warrant access to their personnel file. The court also finds that a request for all names, addresses, etc. of any person ever employed by Wal–Mart in Hays, Kansas is, on its face, unduly burdensome and overly broad.

Finally, the court is further concerned about the misrepresentations made by plaintiff's counsel in discussing supposedly relevant case law. Specifically, plaintiff's counsel cited the case of *Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248 (D.Kan.1993), which was written by this court. Plaintiff's counsel asserts that *Jones* stands for the proposition that the court allowed the production of certain employee records, and discovery about other similar instances. Plaintiff's counsel has clearly misread that opinion. *Jones*, a sexual harassment case, permitted discovery concerning evaluations and other complaints of sexual harassment made against the defendant; *Jones* did not even address discovery of employee records of non-parties; neither did it address similar claims not involving the named defendant. *Jones* provides absolutely no support for the information sought by plaintiff in request for production # 1. The court is similarly concerned with inaccurate or misleading representations about the holdings of many of the other cases cited in the motion to compel. The court shall assume that these misrepresentations were not intentional, but plaintiff's counsel is warned to avoid such misrepresentations in the future.

IT IS THEREFORE ORDERED that the motion to compel is denied.