**MORSE/DIESEL INC. and Helena Erectors Incorporated, Plaintiffs,**

v.

**TRINITY INDUSTRIES, INC. et al., Defendants.**

**TRINITY INDUSTRIES, INC., Third–Party Plaintiff,**

v.

**JOHN PORTMAN ASSOCIATES, INC. et al., Third–Party Defendants.**

**HELENA ERECTORS, INCORPORATED, Plaintiff,**

v.

**TRINITY INDUSTRIES, INC. et al., Defendants.**

**TRINITY INDUSTRIES, INC. et al., Third–Party Plaintiffs,**

v.

**MORSE/DIESEL INC. et al., Third–Party Defendants.**

**Nos. 84 Civ. 5791(SWK), 84 Civ. 6103(SWK).**

United States District Court, S.D. New York.

April 10, 1992.

As Amended April 12, 1992.

See also 859 F.2d 242.

Friedman, Wang & Bleiberg, P.C., New York City, by Peter N. Wang and Lisa S. Eggert, for plaintiff/third-party defendant Morse/Diesel, Inc.

Watt, Tieder, Killian & Hoffar, McLean, Va., by Robert K. Cox, for plaintiff Helena Erectors, Inc. and defendant/third-party plaintiff Trinity Industries, Inc.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action arises out of the construction of the Marriott Marquis Hotel located at Times Square in New York City. Morse/Diesel, Inc. ("Morse/Diesel"), the general contractor for the Hotel, asserts claims against Mosher Steel Co., the structural steel subcontractor for the Hotel, its surety, Aetna Insurance Co., and Trinity Industries, Inc. ("Trinity"), Mosher Steel Co.'s parent company, for damages resulting from delays which occurred in connection with the construction of the Hotel, and for certain costs of an acceleration program which was designed to mitigate those delays.

Morse/Diesel now seeks reconsideration of that portion of an order of the Honorable Kathleen A. Roberts, *Magistrate Judge*, dated August 30, 1989, which held that there is no "settlement privilege" for the purposes of discovery, and which directed production of various "settlement" documents that were not reviewed by Magistrate Judge Roberts but were reviewed by Magistrate Judge Naomi Reice Buchwald in a related litigation in this court, *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, et al.*, 86 Civ. 1494(PKL) ("*Jackson*"), and determined to be non-discoverable. *See Jackson*, 122 F.R.D. 447 (S.D.N.Y.1988).

## BACKGROUND

In *Jackson*, Morse/Diesel seeks compensation from the Fidelity & Deposit Co. of Maryland ("F & D"), the surety of T. Frederick Jackson, Inc. ("Jackson"), the electrical subcontractor on the Hotel, for overpayments made by Morse/Diesel to or on behalf of Jackson. F & D impleaded Jackson which, in turn, asserted a cross-claim against Morse/Diesel.

During the course of document discovery in *Jackson*, which involved several hundred thousand documents, Morse/Diesel withheld certain documents from production on the grounds that Federal Rule of Evidence 408 [1] precluded discovery of documents relating to settlement negotiations. Jackson responded by moving to compel production of those documents which had been withheld. Subsequently, on May 18, 1988, Magistrate Judge Buchwald ruled from the bench that although Rule 408 created no discovery privilege, Judge Neaher's decision in *Bottaro v. Hatton Associates*, 96 F.R.D. 158 (E.D.N.Y.1982), required Jackson to "show that the material sought will be admissible or will lead to admissible evidence." Transcript of May 18, 1988 Hearing before Hon. Naomi Reice Buchwald ("*Jackson* Tr."), at 4–5. Magistrate Judge Buchwald then conducted an extensive *in camera* review of the documents asserted to be privileged and, after hearing explanations and oral argument from counsel as to the nature of the documents and the claimed privilege, ordered that certain of the documents should not be produced, and that others, because "the likelihood of there being relevant information within [them]" should be produced for Jackson counsel to view, "to at least have a look at [them] to determine if in their view there is an argument for admissibility that they can make." *Jackson* Tr. at 83.

Morse/Diesel objected to those portions of Magistrate Judge Buchwald's ruling which ordered the production of various documents determined not protected by Rule 408. Judge Leisure affirmed Magistrate Judge Buchwald's order in its entirety, finding that even under the "restrictive" view of *Bottaro*, Jackson had made the requisite particularized showing "of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement." *Bottaro*, 96 F.R.D. at 160.

In this case, as in *Jackson*, during the course of a massive document production Morse/Diesel withheld certain documents from production on the grounds of Rule 408. Included within the group of documents withheld by Morse/Diesel were the same documents which Magistrate Buchwald had ruled in *Jackson* should not be produced.

This discovery matter was referred to Magistrate Judge Kathleen Roberts who, after attempting vigorously to forge a consensual resolution of the issue, ruled that Magistrate Judge Buchwald's rulings on the motion to compel production of documents in the related *Jackson* litigation would apply to the parties in this action with respect to the documents submitted to and reviewed by Magistrate Judge Buchwald. Magistrate Judge Roberts reasoned:

Based on your letters and on my reading of the materials in Magistrate Buchwald's case and also the presentation today, I am going to adhere or essentially adopt Magistrate Buchwald's findings with respect to the documents that were submitted to her. Insofar as she ruled on the documents, as far as I'm concerned, one, in the interest of judicial and attorney economy, but also because it seems to me there is such a dramatic

---

**1.** Rule 408 provides, in relevant part:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering to or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose. . . .

symmetry between this case and the Jackson case in the areas where this whole inquiry is relevant, I think it would really be a tremendous waste of energy and resources to look again at those documents solely to facilitate some sort of a review process that would lead to another judicial officer maybe adopting a slightly more or less rigorous standard, particularly I'm thinking about the settlement documents.

Transcript of December 20, 1988 Hearing before Magistrate Judge Kathleen Roberts ("December 20th Tr."), at 47–48.

By letter dated December 30, 1988, Trinity requested that Magistrate Judge Roberts reconsider her December 20, 1988 document production rulings, which request was denied by order dated January 19, 1989. Subsequently, pursuant to Magistrate Judge Roberts' directive, Morse/Diesel submitted its application for a protective order with respect to twenty documents which had not previously been reviewed by Magistrate Judge Buchwald.

On August 29, 1989, Magistrate Judge Roberts heard oral argument on the application for a protective order and reiterated that she would abide by Magistrate Judge Buchwald's analysis in *Jackson*. Transcript of August 24, 1989 Hearing before Magistrate Judge Kathleen Roberts, at 99. In ruling on the application for a protective order, however, Magistrate Judge Roberts, by order dated August 30, 1989, held that Rule 408 created no "settlement privilege" for purposes of discovery, and directed Morse/Diesel to "produce all documents withheld solely on the basis of Rule 408 and *Bottaro*, including any such documents previously held 'privileged' by Magistrate Judge Buchwald." Order of Honorable Kathleen A. Roberts dated August 30, 1989 (the "August 30th Order"), at 5.

Morse/Diesel now seeks reconsideration of those portions of the August 30th Order (i) requiring production of the documents Magistrate Judge Buchwald previously held should not be produced, (ii) requiring production of the twenty documents submitted to Magistrate Judge Roberts for initial *in camera* review, and (iii) refusing

to recognize any discovery protection for so-called "settlement" documents. This Court may reverse the Magistrate Judge's determination only if clearly erroneous or contrary to law, in accordance with 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

The parties involved in this discovery dispute have, for the most part, couched their analyses of *Bottaro* and of the Magistrate Judges' application of the "rule" enunciated by *Bottaro*, in terms of a discovery "privilege" created by Rule 408. In *Bottaro*, however, Judge Neaher neither discusses nor even mentions such a privilege. To the contrary, Judge Neaher plainly acknowledges that "discovery into negotiations can be based on the reasonable belief that it may produce information ... that can be brought into evidence independent of the settlement context." Magistrate Judge Buchwald, moreover, in applying *Bottaro* to consider and ultimately preclude discovery of certain of the "settlement" documents withheld by Morse/Diesel that are the subject of this motion, expressly rejected the notion that Rule 408 created a discovery privilege of any sort, stating "it is my view that Rule 408 of the Federal Rules of Evidence is not a discovery privilege." *Jackson* Tr. at 4. And Judge Leisure, in reconsidering Magistrate Judge Buchwald's treatment of the motion to compel in *Jackson*, similarly rejected the notion that Rule 408 creates a discovery privilege, stating that the rule "only applies to the admissibility of evidence at trial and does not necessarily protect such evidence from discovery." 122 F.R.D. at 449 (citing 2 J. Weinstein & M. Berger, *Evidence* ¶ 408[1] at 408–15 to 408–16 (1986)); *accord Center for Auto Safety v. Department of Justice*, 576 F.Supp. 739, 749 n. 23 (D.D.C.1983) ("While [Rule 408's] intent is to foster settlement negotiations, the sole means chosen to effectuate that end is a limitation on their admission ... for the purpose of proving liability at trial, not the application of a broad discovery privilege"). Thus, although the parties employ the term "privilege" to describe the theory under which various documents have thus far

been withheld from production in this action and held non-discoverable in *Jackson*, neither in *Bottaro* nor on the record in these related actions is there a ruling which embraces the existence of any such privilege.

As Judge Leisure's decision in *Jackson* suggests, and as *Bottaro* confirms, *Bottaro* attempts not to formulate the basis of a privilege under Rule 408 but, rather, to formulate a framework for establishing the relevance of settlement-related materials under Rule 26(b)(1) [2] of the Federal Rules of Civil Procedure. According to Judge Neaher in *Bottaro:*

> The question ... is whether an inquisitor should get discovery into the terms of the agreement itself based solely on the *hope* that it will somehow lead to admissible evidence.... Given the strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions, we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement. *Since the terms of settlement do not appear to be reasonably calculated to lead to discovery of admissible evidence and the defendants have not made any showing to the contrary,* this justification for a Rule 37 order must fail.

96 F.R.D. at 160 (emphasis added). This language conveys unambiguously that the requirement of a "particularized showing" of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement simply places the burden of establishing relevance squarely on the party seeking production of the documents withheld. Similarly, nothing in *Bottaro* suggests that its requirement of a "particularized showing" should be construed in a manner inconsistent with the broad application of relevance applicable to discovery matters under Rule 26(b)(1).

▮▮▮▮ Turning now to the August 30th Order, although Magistrate Judge Roberts correctly determined that Rule 408 creates no "settlement privilege" for purposes of discovery, that determination should not have ended her inquiry. Consistent with Rule 26(b)(1) of the Federal Rules of Procedure and *Bottaro*—to the extent that *Bottaro* requires a prima facie showing that the settlement-related materials sought appear reasonably calculated to lead to the discovery of admissible evidence in order to establish entitlement to an order compelling discovery of such materials—Trinity must establish, and the Court must find, that the information Trinity seeks "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). Because the Magistrate Judge failed to make such a finding with respect either to the documents reviewed and ordered non-discoverable by Magistrate Judge Buchwald in *Jackson* or the twenty additional documents at issue here, that portion of the August 30th Order directing Morse/Diesel to "produce all documents withheld solely on the basis of Rule 408 and *Bottaro*, including any such documents previously held 'privileged' by Magistrate Judge Buchwald," is contrary to law.

I am persuaded that Magistrate Judge Roberts' initial, strong inclination to abide by Magistrate Judge Buchwald's determinations with respect to the settlement-related documents in *Jackson* is sound. Magistrate Judge Roberts' discussion of the "tremendous waste of energy and resources to look again at those documents solely to facilitate some sort of a review process that would lead to another judicial officer maybe adopting a slightly more or less rigorous standard," December 20th Tr. at 47–48, is well-taken, especially where, as here, "there is such a dramatic symmetry

---

**2.** Rule 26 provides, in relevant part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... It is not ground for objection that the information sought will be inadmissible at trial *if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.*

Fed.R.Civ.P. 26(b)(1) (emphasis added).

between this case and the Jackson case in the areas where this whole inquiry is relevant," *id.*, and there is every indication that the issue of whether the discovery of the settlement-related documents is reasonably calculated to lead to the discovery of admissible evidence was thoroughly litigated by the parties in *Jackson* and was carefully considered by Magistrate Judge Buchwald. Accordingly, the Court adopts the settlement-related document rulings of Magistrate Judge Buchwald in *Jackson*, as affirmed by the District Court.

With respect, however, to the twenty documents not addressed in *Jackson*, and not reviewed *in camera* by Judge Roberts, Morse/Diesel's motion for a protective order shall be recommitted to the Magistrate Judge for such further proceedings as may necessary to permit Trinity to make a showing that discovery of the settlement-related documents is reasonably calculated to lead to the discovery of admissible evidence and to permit appropriate findings by the Magistrate Judge.

SO ORDERED.