**Baby DOE, John Doe, Jane Doe and Sibling Does**

v.

**METHACTON SCHOOL DISTRICT, Gerald Raske, The Philadelphia School District, Laura Giamo as executrix for the estate of Michael Giamo, John Klock, J. Russell McConnell and Gregory DiFonzo.**

**Civil A. No. 94–0244.**

United States District Court, E.D. Pennsylvania.

Dec. 21, 1995.

---

Stuart R. Silver, Bernstein, Silver, & Gardner, Philadelphia, PA, for Plaintiffs.

Eileen Epley Wiggons, Philadelphia, PA, for Defendant, Gregory DiFonzo.

Andrew S. Rosen, Assistant General Counsel, the School District of Philadelphia, Philadelphia, PA, for Defendants Phila. School District and Michael Giamo.

Dennis J. O'Leary, White and Williams, Philadelphia, PA, for Defendant John Klock.

Joseph T. Bodell, Jr. and Louis Bove, Swartz, Campbell & Detweiler, Philadelphia, PA, for Defendant Gerald Raske.

Joseph F. McNulty, Jr., Post & Schell, Philadelphia, PA, for Defendant McConnell.

Andrew A. Borek, John M. Donahue, and Robert R. Harris, Harris & Silverman, Philadelphia, PA, and Rosemary Mullaly, Curtin & Heefner, Doylestown, PA, for Defendant Methacton School District.

## MEMORANDUM

JOYNER, District Judge.

Plaintiffs, Baby Doe and her family, have reached a settlement/release with two defendants to this litigation, the Philadelphia School District and Laura Giamo as executrix for the estate of Michael Giamo. The Release includes a strict confidentiality provision that precludes the signatories from disclosing the Release or its terms to anyone, including the remaining parties without Court approval. The Release has been approved and sealed by this Court.

By this Motion, the Methacton School District seeks access to the Release through discovery. The basis for this motion is Federal Rule of Civil Procedure 26(b)(1), which permits discovery of any matter relevant to the subject matter that is not privileged. Materials may be discovered even if they would not be admissible at trial so long as they are reasonably calculated to lead to admissible evidence.

Methacton correctly observes both that the Release is not privileged and that it is not automatically admissible at trial under Federal Rule of Evidence 408. Methacton contends that the Release is relevant to this litigation because it "most assuredly could *lead* to the discovery of admissible evidence." Further, it contends that "the impact of the settlement agreement upon the Methacton School District's continuing claims against the Philadelphia defendants is clearly relevant to the issue of damages and is imperative for the Methacton School District's preparation for trial." Methacton asserts that any concerns over the privacy of the Release are alleviated by the fact that this litigation includes a tight confidentiality agreement that governs documents such as this.

Plaintiffs oppose Methacton's discovery request. They maintain that the Release has absolutely no probative value nor would lead to any admissible trial evidence. They encourage this Court to enforce the Release's non-disclosure provision as written and deny Methacton's Motion. *In re Estate of Hall,* 517 Pa. 115, 535 A.2d 47 (1987); *Carmichaels Arbors Assoc. v. United States,* 789 F.Supp. 683 (E.D.Pa.1992).

This Court's independent research reveals several cases addressing this precise issue; namely, whether a non-settling defendant should have access to a settlement agreement that is confidential by agreement of the signatories. None of these courts have blithely permitted discovery, but rather, require some heightened showing of relevance or need. For example, in the Second and Seventh Circuits, discovery is permitted only if the movant " 'lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive.' " *Thornton v. Syracuse Savings Bank,* 961 F.2d 1042, 1046 (2d Cir.1992) (quoting *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.,* 834 F.2d 677, 684 (7th Cir.1987)).

By contrast, other courts addressing the issue only require a " 'particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement.' " *Morse/Diesel, Inc. v. Fidelity & Dep. Co.,* 122 F.R.D. 447, 450 (S.D.N.Y.1988) (quoting *Bottaro v. Hatton Assoc.,* 96 F.R.D. 158, 159 (E.D.N.Y.1982)); *Morse/Diesel, Inc. v. Trinity Indus.,* 142 F.R.D. 80 (S.D.N.Y.1992). In the one case that did not expressly require a particularized showing, the court did, in fact, find such a showing before it ordered discovery. *Bennett v. La Pere,* 112 F.R.D. 136 (D.R.I.1986).

We find that Methacton has not shown the relevance of the Release. It simply makes a broad assertion that the Release could lead to admissible evidence and that it is "clearly" relevant to the issue of damages and is imperative for its trial preparation. These assertions, however, without any detail or anal-

ysis whatsoever, are insufficient to prove the relevance of the Release. Because there is no showing that the Release is "relevant to the subject matter involved in the pending action," Methacton may not have discovery as to the Release. Accordingly, its Motion is DENIED and this Court's December 18, 1995 Order SEALING the Settlement remains in full force.

## ORDER

AND NOW, this 21st day of December, 1995, upon consideration of Methacton's School District's Motion to Compel Production of Documents and response thereto, the Motion is hereby DENIED.