CENTILLION DATA SYSTEMS, INC., Plaintiff,

v.

AMERITECH CORPORATION; American Management Systems, Inc.; Bell Atlantic Corporation; Bell Atlantic Communications, Inc.; Bell Sygma, Inc.; CGI Group, Inc.; Frontier Corp.; and GE Information Services, Inc., Defendants.

AT & T Corp., Intervenor.

No. IP 98–1748–C–Y/F.

United States District Court, S.D. Indiana, Indianapolis Division.

July 6, 1999.

Donald C. Templin, Haynes and Boone, LLP, Dallas, TX, David C. Campbell, Bingham Summers, Welsh & Spilman, Indianapolis, IN, Matthew J. Siembieda, Blank Rome Comisky & McCauley, LLP, Philadelphia, PA, Michael Greenbaum, Blank Rome Comisky & McCauley, LLP, Washington, DC, Sean M. Clapp, Johnson, Smith, Pence, & Heath, LLP, Indianapolis, IN, Philip A. Whistler, Ice, Miller, Donadio & Ryan, Indianapolis, IN, for Centillion Data Systems Inc., plaintiff.

Kenneth J. Jurek, McDermott, Will, & Emery, Chicago, IL, Donald Knebel, Barnes & Thornburg, Indianapolis, IN, for Ameritech Corp., defendant.

John R. Schaibley III, Baker & Daniels, Indianapolis, IN, for American Management Systems, defendant.

Robert T. Dassow, Hovde Law Firm, Indianapolis, IN, for Bell Atlantic Communications, Defendant.

David T. Kasper, Locke Reynolds, LLP, Indianapolis, IN, Salem M. Katsh, Shearman & Sterling, New York City, for Bell Sygma Inc., defendant.

Michael C. Terrell, Sommer & Barnard, Indianapolis, IN, Lawrence A. Stahl, Fitzpatrick, Cella, Harper & Scinto, Washington, DC, David T. Kasper, Locke Reynolds LLP, Indianapolis, IN, for CGI Group, Inc., defendant.

Amy R. Kennelly, Bose, McKinney, & Evans, Indianapolis, IN, for Frontier Corp., defendant.

Donald Knebel, Barnes & Thornburg, Indianpolis, IN, Kenneth J. Jurek, McDermott Will & Emery, Chicago, IL, for GE Information Services Inc., defendant.

John C. Trimble, Lewis & Wagner, Indianapolis, IN, Michael K. Plimack, Heller Ehrman White and McAuliffe, San Francisco, CA, for MCI Worldcom Inc., defendant.

Gary P. Price, Lewis and Kappes, Indianpolis, IN, for Executive Extension, Inc.

John R. Schaibley III, Baker & Daniels, Indianapolis, IN, for Cable & Wireless USA, Inc., defendant.

John R. Schaibley III, Baker & Daniels, Indianapolis, IN, for Sprint Spectrum, LP, defendant.

## ENTRY

**Denying Bell Sygma's motion for discovery of settlement agreement (doc. no. 95), and Granting Intervenor AT & T's motion for protective order (doc. no. 115), as modified.**

FOSTER, United States Magistrate Judge.

This cause came before the Court on the above entitled motions. In its motion, defendant Bell Sygma sought discovery of the settlement agreement between plaintiff Centillion Data Systems and AT & T Corp. which resolved an earlier suit in this Court involving the same patents at issue in this cause. Plaintiff Centillion did not object to Bell Sygma's request, but raised the confidentiality provision of the agreement as an obstacle to compliance. At conference with counsel, the Court directed Bell Sygma to file a motion to compel and directed Centillion to notify AT & T of the pending motion in order to afford AT & T an opportunity to make its position known. AT & T intervened and filed its motion for a protective order restricting production of the settlement agreement to defendants' current counsel only; it objects to disclosing the agreement to defendant's business personnel because of the competitive sensitivity of the financial and other information therein. For the reasons set forth below, the Court does not compel the production of the AT & T-Centillion settlement agreement.

Discovery under the federal rules is broad and liberal: parties may obtain discovery of information which is relevant to the subject matter involved in a case and which is admissible itself or which is reasonably

calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1). On the other hand, a court may make any protective order which justice requires to protect the target of discovery from annoyance, embarrassment, oppression, or undue burden or expense. Fed.R.Civ.P. 26(c). Once the recipient of a discovery request moves for a protective order and shows that confidential information is sought, the burden is on the requester to show that the requested information is sufficiently relevant and necessary to its case to outweigh the harm from disclosure of the confidential information. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 365–66 (6th Cir.1999); 8 Charles A. Wright and Richard L. Marcus, *Federal Practice and Procedure* § 2043, p. 559 (1994). AT & T argues two avenues of objections to BellSygma's request for the settlement agreement. First, AT & T contends that Bell Sygma's request does not satisfy the basic threshold standard of Rule 26(b) because the terms of its settlement agreement with Centillion are irrelevant, inadmissible, and not reasonably likely to lead to the discovery of admissible evidence. Second, AT & T asserts affirmative grounds for a protective order under Rule 26(c): the general federal policy supporting the settlement of cases, the specific confidentiality provision of the AT & T–Centillion settlement agreement, and the confidential nature of the commercial information included in the agreement.

 Bell Sygma asserts that the AT & T–Centillion settlement is relevant to the subject matter of this case because "Centil-

lion claims infringement of the same two patents in both complaints and as a result, the instant action will involve many of the same historical facts and much of the same discovery about the parties' respective billings systems as the AT & T [a]ction". (Bell Sygma Memorandum in Opposition to AT & T's Motion for Protective Order (doc. no. 130) ("Opposition"), p. 4). Bell–Sygma wants to review the AT & T–Centillion settlement agreement in order "to determine better the mentis of Plaintiff's case and assess the feasibility of settling the lawsuit at an early stage." (Opposition, p. 4; Bell Sygma Motion for Discovery (doc. no. 95), p. 2 (defendants can not "assess the feasibility of settlement without reviewing the AT & T Settlement Agreement")). Although the facts and issues involved in these two cases might be similar, if not identical, Bell Sygma has not shown how the *AT & T–Centillion settlement agreement* is relevant to those facts or issues and the burden was on it to do so.[1] Because opposing parties might settle cases for various and not necessarily mutual reasons, it can not be assumed that terms of settlement would be relevant to the issues of liability or damages. In addition, information is not relevant or discoverable under Rule 26(b) because it might assist a party's evaluation of whether to settle or try a case or help a party prepare negotiating strategies. *See Griffin v. Mashariki*, No. 96 CIV. 6400(DC), 1997 WL 756914, * 2 (S.D.N.Y., Dec.8, 1997).[2]

Even if relevant, Bell Sygma has not shown that the terms of the AT & T–Centil-

---

1. At least when relevancy has been challenged, the burden is on the discovery requester to show the relevance of requested information. *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 742 (Fed.Cir.1987). In addition, some courts have specifically held in the settlement context that the burden is on the requester to make a particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence. *Key Pharmaceuticals, Inc. v. ESI–Lederle, Inc.*, No. CIV. A. 96–1219, 1997 WL 560131 (E.D.Pa., Aug. 29, 1997); *Salgado v. Club Quarters, Inc.*, No. 96 CIV 383(LMM)(HBP), 1997 WL 269509 (S.D.N.Y., May 20, 1997); *Doe v. Methacton School District*, 164 F.R.D. 175 (E.D.Pa.1995); *Bottaro v. Hatton Associates*, 96 F.R.D. 158 (E.D.N.Y.1982). Finally, as noted above, when a discovery target establishes the confidentiality of requested informa-

tion, the burden is on the requester to "establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause…." *Federal Practice and Procedure* § 2043, p. 559; *Knoll*, 176 F.3d 359, 365–66.

2. In *Griffin*, a defendant sought to discover a statement executed by a co-defendant as part of the co-defendant's settlement with the plaintiff. The court held that the defendant's "argument that disclosure of the statement will facilitate settlement of her case because she is similarly situated to [the co-defendant] does not provide a proper basis for disclosure, except in the sense that full disclosure generally promotes realistic case assessment. Relevance, not simply promotion of settlement, must be the touchstone."

lion settlement are admissible or likely to lead to the discovery of admissible evidence. Under Federal Rule of Evidence 408, evidence of settlement offers and acceptances is not admissible on the issues of liability or damages, but may be admissible for other purposes "such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." F.R.E. 408. As set forth above, Bell Sygma states that it wants to review the AT & T–Centillion settlement agreement in order "to determine better the merits of Plaintiff's case and assess the feasibility of settling the lawsuit at an early stage". (Opposition, p. 4. Motion, p. 2.) Because Bell Sygma intends to determine the merits of Centillion's case in part by reviewing the evidence of liability and damages which it hopes the AT & T–Centillion settlement agreement contains, Rule 408 renders evidence of that agreement inadmissible and Bell Sygma has not shown how the information in the settlement agreement is reasonably calculated to lead to the discovery of admissible evidence. *See Shipes v. BIC Corp.,* 154 F.R.D. 301, 309 (M.D.Ga. 1994) (Rule 408 makes is unlikely that information about prior settlements will lead to admissible evidence); *Bottaro v. Hatton Associates,* 96 F.R.D. 158, 159 (E.D.N.Y.1982) ("... while admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue."). *Cf. Doe v. Methacton School District,* 164 F.R.D. 175, 176–77 (E.D.Pa.1995) (broad assertions or conclusory statements do not satisfy a party's burden to demonstrate relevance).

Independent policies also support denying discovery of the AT & T–Centillion settlement agreement under the balancing rubric of Rule 26(c). First, strong federal policy supports the settlement of cases and F.R.E. 408 does not exhaust the reach of this policy. Because confidentiality of settlement agreements is a primary inducement to parties to settle cases, courts require a strong countervailing interest to breach that confidentiality. *In re Ford Motor Co. Bronco II Products Liability Litigation,* Civ. A. No.

MDL 991, 1995 WL 360194, *3 (E.D.La. June 9, 1995). Although Bell Sygma argues that review of the AT & T–Centillion settlement agreement will facilitate the process of settlement in this case, we believe, on balance, that settlements are and will be encouraged, in the run of cases, more by maintaining the confidentiality of agreements than by disclosure. Thus, we conclude that Bell Sygma's interest in evaluating settlement strategies is not strong enough to overcome the confidentiality of the AT & T–Centillion settlement agreement. Second, AT & T and Centillion specifically agreed to confidentiality and the effectiveness of contracts is an interest the courts will protect. Finally, AT & T has sufficiently asserted the commercial sensitivity of the financial and business information in the agreement, which is an interest specifically identified as protectible in Rule 26(c)(7). Bell Sygma has not shown that this confidentiality is outweighed by its interest in preparing settlement negotiating strategies. The defendants must evaluate their settlement position and prepare their negotiating strategies using the talents, skills, and resources of their own legal counsel and other expert advisors, and based on information otherwise discoverable.

While AT & T has not objected to producing its settlement agreement with Centillion to defendants' counsel only, the Court concludes that counsel-only disclosure is not warranted under the Rules. AT & T is of course free to negotiate a counsel-only disclosure of the settlement agreement to defendants, and to present an agreed protective order to the Court for approval, but the Court will not require AT & T to do so.

Bell Sygma's motion is DENIED and AT & T's motion for a protective order is GRANTED as set forth herein.