Sophie BOTTARO & Frank Bottaro, Webster L. Cowden, Jr., Robert A. Ernst, Laban P. Jackson, Jr., Alfred P. Bergner & Jane C. Bergner, Isidore Bergner, Sheila Rogovin & Mitchell Rogovin, Noel Levine and H.C. Van Lanen, Plaintiffs,

v.

HATTON ASSOCIATES, Lanni Mining Enterprises, Inc., Richard E. Guthrie, LVG Associates, GVL Resources, Inc., Jay Landesman, Christopher Castroviejo, Peter Hoguet, Alexander Grant & Company, Plaia & Schaumberg, Morton S. Taubman and Morris P. Silver, Defendants.

No. 80 CV 1298 (ERN).

United States District Court, E.D. New York.

Nov. 9, 1982.

Finkelstein, Thompson & Levenson by John F. McCarthy, III, Susan B. Bovee, Washington, D.C., for plaintiffs.

Tucker, Flyer, Sanger & Lewis by Christopher Sanger, Washington, D.C., for defendants Plaia & Schaumberg and Morton S. Taubman.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This action was commenced by plaintiffs to remedy a variety of alleged federal and State securities law violations. During the parties' pre-trial maneuvering, one defendant, Alexander Grant and Company, entered into a settlement agreement with plaintiffs and was dismissed from the lawsuit. The settling parties agreed in their stipulation of settlement not to divulge the terms of their agreement. Unable to obtain voluntary discovery, two of the remaining defendants have moved to compel disclosure of their former co-defendant's compromise agreement, pursuant to Rule 37, F.R.Civ.P. For the reasons stated below, this motion is denied.

■ The Federal Rules of Civil Procedure provide for a very liberal range of discovery. Rule 26(b), which applies to all forms of discovery, provides generally that the parties "may obtain discovery regarding any matter not privileged, which is relevant to the subject matter involved in the pending action." Relevance in this context is broader than that required for admissibility at trial. Moore's Federal Practice ¶ 26.56[1] at 26–116 (2d ed. 1982). The Rule itself states: "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." F.R. Civ.P. 26(b). Thus, while admissibility and discoverability are not equivalent, it is clear that the object of the inquiry must have some evidentiary value before an order to compel disclosure of otherwise inadmissible material will issue.

In this case, defendants contend that although the settling parties' agreement is inadmissible under Rule 408, Fed.R.Evid., "to prove liability for or invalidity of the claim or its amount," an inquiry into the terms of a codefendant's settlement agreement is permissible because it may produce admissible evidence on the question of damages. In support of this argument, defendants rely upon the district court opinion in

*Broadway & Ninety-Sixth St. Realty Co. v. Loew's, Inc.,* 21 F.R.D. 347 (S.D.N.Y.1958), the only reported decision allowing such a request.

In allowing discovery, the court in *Loew's* reasoned that discovery into the terms of the agreement could produce factual admissions on the issue of damages, which would be admissible under the traditional caveat to the evidentiary immunity of settlement agreements and negotiations. *Id.* at 359. This common-law exception, however, was expressly overruled by Congress when it enacted Rule 408 of the Federal Rules of Evidence in 1975. Fed.R.Evid. 408 advisory committee note.

The exception relied upon in *Loew's* was contained in the House version of Rule 408. This bill was rejected by the Senate Committee on the Judiciary as "constitut[ing] an unjustifiable restraint upon efforts to negotiate settlements—the encouragement of which is the purpose of the rule." S.Rep. No. 1277, 93d Cong. 2d Sess. 10 (1974). The Senate bill, which was subsequently adopted as Rule 408, *id.,* made it clear that only admissions of liability or the extent of liability "otherwise discoverable" would be exempt from Rule 408's evidentiary exclusion. *Id.* Thus, Rule 408 would not immunize documents or factual admissions merely because they were exchanged in the course of negotiating a settlement, *see Grumman Aerospace Corp. v. Titanium Metals Corp.,* 91 F.R.D. 84, 90 (E.D.N.Y.1982), if they are independently admissible either as pre-existing documents or "provable by evidence other than conduct or statements that make up compromise negotiations." Fed.R.Evid. 408 advisory committee note.

■■■ Clearly, discovery into negotiations can be based on the reasonable belief that it may produce information on the question of damages that can be brought into evidence independent of the settlement context. The question in this case, however, is whether an inquisitor should get discovery into the terms of the agreement itself based solely on the hope that it will somehow lead to admissible evidence on the question of damages. Given the strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions, we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement. Since the terms of settlement do not appear to be reasonably calculated to lead to discovery of admissible evidence and the defendants have not made any showing to the contrary, this justification for a Rule 37 order must fail.

■■■ The final argument advanced by defendants in support of their discovery request is that the amount of the settlement is relevant to determining whether Alexander Grant and Company may be liable to defendants for contribution despite its settlement with plaintiff. While it is true that a settling defendant's liability for contribution depends on whether he paid his share of any damage award, *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath,* 540 F.2d 27, 39 (2d Cir.1976); *accord Laventhol, Krekstein, Horwath & Horwath v. Horwitch,* 637 F.2d 672, 675 (9th Cir.1981); *Professional Beauty Supply v. National Beauty Supply,* 594 F.2d 1179, 1182 n. 4 (8th Cir.1979), this determination cannot be made until a final judgment has been rendered. *In re Nat'l Student Marketing Litigation,* 517 F.Supp. 1345, 1347 (D.C.Cir. 1981). Only at that juncture will the full liability of all defendants be known, and the pro rata share owed by the settling party ascertained. Fischer, Contribution in 10b–5 Actions, 33 Bus.Lawyer 1821, 1832 (1978). Even then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform. Hence, the amount of the settlement is not relevant to any issue in this case at this time.

Accordingly, defendants' motion is denied.

SO ORDERED.