## FIDELITY FEDERAL SAVINGS AND LOAN ASSOCIATION; Wilmington Savings Fund Society, FSB; and Star States Pennsylvania Corp., Plaintiffs,

v.

## Armondo FELICETTI; Louis Scarcia; Louis A. Iatarola, individually; Louis A. Iatarola, Realty Appraisal Group, Ltd.; and Fidelity and Deposit Company of Maryland, Defendants.

Civ. A. No. 92–0643.

United States District Court, E.D. Pennsylvania.

May 24, 1993.

Raymond McGarry, Antoinette R. Stone, Buchanan Ingersoll Professional Corp., Philadelphia, PA, for plaintiffs.

Thomas H. Lee, II, Michael A. Schwartz, Dechert, Price & Rhoads, Philadelphia, PA, for defendant Armondo Felicetti.

Alan A. Turner, Philadelphia, PA, for defendant Louis Scarcia.

Donald K. Joseph, Wolf, Block, Schorr and Solis–Cohen, Philadelphia, PA, for defendant Louis Iatarola.

S. Gordon Elkins, Raymond Oechsler, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for defendant Fidelity & Deposit Co.

## MEMORANDUM

JOYNER, District Judge.

Presently before the court is Iatarola Defendants' Motion for Reconsideration of this Court's January 27, 1993 discovery order. On January 7, 1993 Plaintiffs filed a motion to compel seeking the production of documents relating to certain correspondence and negotiations with the Department of Justice through the United States Attorney's Office for the Eastern District of Pennsylvania. The response having been due on January 22, on January 25, 1993 this Court granted the motion as unopposed and ordered Iatarola defendants to produce the requested documents within fifteen days. The order was subsequently filed with the Court on January 27, 1993. Unbeknownst to the Court, the Iatarola defendants had simultaneously filed their response. The Iatarola defendants now ask that we reconsider our January 25, 1993 order and address the merits of plaintiffs' motion to compel.

■ Pursuant to Rule 6 of the Federal Rules of Civil Procedure the court may exercise its discretion to accept motion papers filed outside the established time period where such failure was the result of excusable neglect. Fed.R.Civ.P. 6(b)(2); *see Blair v. Beech Aircraft Corp.*, 104 F.R.D. 21 (W.D.Pa.1984). In this case, Iatarola defendants' response was only one business day late and, according to the argument of counsel, was the result of counsel's inadvertent miscalculation of the response date. In light of the hardship which could enure to the Iatarola defendants if our January 27, 1993 order were to remain standing and defense counsel's lack of bad faith in his untimeliness, we will grant the motion for reconsideration and will address plaintiffs' motion to compel on the merits.

■ Plaintiffs' motion to compel seeks the production of all documents relating to communications with the United States Attorney. These communications were primarily in the nature of settlement negotiations. Although such negotiations may not be admissible as evidence at trial pursuant to Fed.R.Evid. 408, they are discoverable provided the req-

uisite showing has been made. However, the principles underlying Fed.R.Evid. 408 and Fed.R.Civ.P. 26 are in conflict. Evidence or offers of settlements are excluded from trial so as to promote non-judicial resolution of disputes. Notes of Committee on the Judiciary House Reports No. 93–650 to Fed. R.Evid. 408; *see Bank of America Nat. Trust v. Hotel Rittenhouse,* 800 F.2d 339 (3d Cir.1986). However, the discovery rules are meant to be construed quite liberally so as to permit the discovery of any information which is relevant and is reasonably calculated to lead to the discovery of admissible evidence. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26. While Evidence Rule 408 clearly does not bar discovery of information relating to settlement negotiations, *Morse/Diesel, Inc. v. Trinity Industries, Inc.,* 142 F.R.D. 80 (S.D.N.Y.1992), some courts have required an additional requirement that the party seeking discovery of this type of information must make a particularized showing that the evidence is likely to lead to the discovery of admissible evidence. *Trinity Industries,* 142 F.R.D. at 84; *Morse/Diesel, Inc. v. Fidelity & Deposit Co.,* 122 F.R.D. 447, 450 (S.D.N.Y. 1988); *Weissman v. Fruchtman, et al.,* 1986 WL 15669 (S.D.N.Y.1986); *Bottaro v. Hatton Associates,* 96 F.R.D. 158, 160 (E.D.N.Y. 1982); *contra Bennett v. La Pere,* 112 F.R.D. 136, 139 (D.R.I.1986) (specifically rejecting "particularized showing" standard). The effect of this "particularized showing" requirement is to switch the burden of proof from the party in opposition to the discovery to the party seeking the information. *Trinity Industries,* 142 F.R.D. at 84. Unfortunately the decisions within the Third Circuit provide little guidance as to whether evidence of settlement negotiations is subject to the heightened particularized showing or whether the information is discoverable upon a mere showing of relevance. Nevertheless, even in *Trinity Industries,* 142 F.R.D. at 84, the court found that the "particularized showing" requirement should not be "construed in a manner inconsistent with the broad application of relevance applicable to discovery matters under Rule 26(b)(1)." In keeping with the strong Congressional policy behind Rule 408 as well as the liberal discov-ery rules, we will follow along the lines of the New York district courts and place the onus on the plaintiffs to show that the documents relating to the settlement negotiations are relevant and likely to lead to the discovery of admissible evidence.

■ After careful analysis of the multiple briefs presented, both in regard to the original motion as well as the motion for reconsideration, we find that plaintiffs have met their burden as to a portion of the documents at issue. That is, plaintiffs are entitled to discovery of those documents relating to the loans referenced in the amended complaint. However, because of the anticipated confidentiality of the documents, they shall be produced pursuant to a protective order to be agreed to between the parties. It is apparent that the interworkings of the United States Attorneys Office were not meant to be available to the general public. Thus, the parties are directed to make all reasonable attempts to agree upon the terms of the protective order.

As to any other documents relating to these negotiations, the court cannot make a ruling at this juncture without the requisite showing by the plaintiffs that the documents are likely to lead to the discovery of admissible evidence and, if necessary, an *in camera* inspection of the materials.

## ORDER

AND NOW, this 24th day of May, 1993 upon consideration of the Motion of Iatarola Defendants' to Reconsider this court's January 27, 1993 Order and Plaintiffs' response thereto, it is hereby ORDERED that the Motion is GRANTED and the court having reconsider that order, it is further ORDERED that:

1. Iatarola Defendants shall produce all documents relating to the communications with the United States Attorneys Office *and* relating to the Loans referenced in the amended complaint.

2. The parties are directed to make all reasonable efforts to agree upon the terms of a protective order pursuant to which the above documents are to be produced.

3. The protective order shall be filed with the Court within fifteen (15) days of the entry date of this order and Iatarola Defendants shall produce the above documents within ten (10) days thereafter.