Ralph C. YOUNG, Kevin B. Burgess, Philip J. Tissue, and Lynn B. Pollard, d/b/a Hamilton, Burgess, Young, Tissue & Pollard, a partnership, Plaintiffs,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, State Farm Fire and Casualty Company, Rick J. Sutherland, and Michael Pritchard, Jr., Defendants.

Civil Action No. 5:96–0046.

United States District Court, S.D. West Virginia.

Oct. 11, 1996.

Jeffrey Wakefield of Flaherty, Sensabaugh and Bonasso, Charleston, WV, Carter Elkins of Campbell, Woods, Bagley, Emerson, McNeer, and Herndon, Huntington, WV, for State Farm, defendant.

Jeffrey Wakefield of Flaherty, Sensabough and Bonasso, Charleston, WV, for Sutherland and Pritchard, defendants.

### MEMORANDUM ORDER

FEINBERG, United States Magistrate Judge.

This is a civil action in which Plaintiffs, a partnership of attorneys, seek to recover legal fees in connection with the representation of Defendant Michael Pritchard, who was seriously injured in an automobile accident at the conclusion of a high speed chase involving Fayetteville, West Virginia police officers and a Fayette County Deputy Sheriff.

Defendants State Farm Mutual Insurance Company and State Farm Fire and Casualty Company (collectively referred to as "State Farm") insured the automobile in which Pritchard was riding when he was injured. Plaintiff Ralph Young served as local counsel in the trial of Pritchard's case against the driver of the automobile. *Michael Pritchard, Jr. v. Town of Fayetteville*, No. 5:89–1457 (S.D.W.Va. Aug. 30, 1993). Defendant Sutherland was Pritchard's lead attorney at the trial. The jury awarded Pritchard more than $15 million in damages payable by the driver, Smith.

Subsequently, Smith, Pritchard, and the owner of the automobile sued State Farm for unlawful trade practices and bad faith in connection with the Pritchard case, *Smith v. State Farm Mut. Auto. Ins. Co.*, No. 94–C–54–S (Cir.Ct. McDowell Co., W.Va.), removed to United States District Court, No. 1:95–0100 (S.D.W.Va. Mar. 13, 1996). Plaintiffs notified the *Smith v. State Farm* litigants of their claim to attorneys' fees. State Farm then settled with Smith, Pritchard and the owner, and the unlawful trade practices/bad faith case was dismissed. The *Smith v. State Farm* parties agreed that their settlement agreement would be confidential.

It is clear to the Court that all parties to the *Pritchard v. City of Fayetteville* case

David Johnson, Pamela Deem of Carey, Hill and Scott, Charleston, WV, for plaintiffs.

recognized that the insurance policy limits on the automobile driven by Smith were totally inadequate to compensate the damages suffered by Mr. Pritchard. The trial of *Pritchard v. City of Fayetteville* was conducted for the purpose of establishing the amount of damages, not the issue of liability, which was conceded. It is also clear that State Farm was the only available source of money to satisfy the verdict in favor of Pritchard, if recovery could be had against State Farm on the bad faith/unlawful trade practices claim. The underlying action and the insurance action were two separate cases, involving some different attorneys, but they were related.

In this civil action, Plaintiffs claim that they are owed a share of the settlement paid by State Farm to Pritchard on behalf of Smith. Plaintiffs sue Defendants Sutherland and Pritchard for breach of contract of an oral contingency fee agreement (Count I), and for *quantum meruit* (Count II); they sue all Defendants for enforcement of attorney's lien (Count III). Defendants Sutherland and Pritchard admit that Plaintiff Ralph Young is entitled to receive a reasonable attorney's fee according to the legal doctrine of *quantum meruit* but deny any liability based on a contingency. (Answer, ¶ 30, at 8–9.) State Farm has moved to dismiss pursuant to Fed.R.Civ.Proc. 12(b)(6), asserting lack of privity of contract with Plaintiffs, and lack of services rendered by Plaintiffs to State Farm. (State Farm Mem., doc. # 8, at 5.)

Now pending before the Court are Plaintiffs' Motions to Compel (docs. ## 37, 38, 55, and 56) and the Motion for Protective Order filed by Defendants Sutherland and Pritchard (doc. # 33). Plaintiffs seek disclosure by Defendants Sutherland and Pritchard of the following information:

1. The amount and terms of the settlement between Mr. Pritchard and State Farm;

2. The amount of all attorneys' fees received by Mr. Sutherland, by the estate of Mr. West (Pritchard's first attorney, who had cancer and was replaced by Sutherland shortly before trial), or by any other person, from the above settlement proceeds;

3. Whether funds were escrowed as a result of Plaintiffs' assertion of an attorneys' fee lien, and if so, the location of the funds and the terms of any escrow agreement;

4. Whether Sutherland had a written contract with Pritchard and if so, a copy of the contract;

5. The general nature of Sutherland's work in the underlying civil action and the insurance action;

6. Any portions of the file maintained by Sutherland in connection with the bad faith action, regardless of whether the file is possessed by Sutherland or State Farm, concerning Plaintiffs' assertion of an attorneys' lien, or with the calculation or distribution of any attorneys' fees in connection with the State Farm–Pritchard–Smith settlement; and

7. A synopsis of the information held by individuals who were identified by Sutherland in response to Plaintiffs' interrogatories as having knowledge or information concerning this litigation. (Doc. # 61, at 2–3.)

Defendants Sutherland and Pritchard respond to the discovery requests as follows:

1. Amount and terms of settlement: Disclosure resisted based on the confidentiality provision of the settlement agreement;

2. Amount of attorneys' fees: Disclosure resisted based on relevancy;

3. Escrow: Disclosure resisted based on Rule 26, Fed.R.Civ.Proc.;

4. Sutherland's contract, if any: Disclosure has been made to Plaintiffs of the terms of the contract between West and Sutherland, which contract was signed by Pritchard (attorney-client and work product privileges are waived);

5. Sutherland's work: Disclosure resisted based on relevancy and the confidentiality provision of the settlement agreement;

6. Sutherland's file in the bad faith action: Disclosure resisted based on relevancy and the confidentiality provision of the settlement agreement (attorney-client and work product privileges are waived); and

7. Synopsis of information: Disclosure resisted based on work-product privilege and

Plaintiffs' ability to obtain the information themselves. (Doc. # 62, at 5–6.) While Defendants Sutherland and Pritchard invoked both attorney-client and work product privileges in their Motion for Protective Order, (doc. # 33), it appears to the Court that they have withdrawn their objections based on an assertion of those privileges except with respect to discovery request number 7, concerning synopses of witnesses' information. (Doc. # 62, at 6–7.)

Plaintiffs request the following information from State Farm: "the amount and terms of the settlement in question, the escrow-related information, if any, and information concerning the identity of the person or persons at State Farm who made a decision not to honor plaintiffs' attorneys' fee lien." *Id.* at 4.

State Farm resists disclosure based upon relevancy and the confidentiality provision of the settlement agreement. (Def. Opp'n to Pl. Mot. to Compel, doc. # 45.) No privilege is asserted.

Pursuant to the Order entered herein on September 20, 1996, the Court has received from both counsel for Defendants *in camera* and under seal, identical copies of the settlement agreement in *Smith v. State Farm Fire & Casualty Co.*, No. 1:95–0100 (S.D.W.Va. Mar. 13, 1996). It is hereby **ORDERED** that each copy shall be marked as a Court Exhibit, and shall be filed under seal until further order of the Court.

The Court has received memoranda and reply memoranda from all counsel concerning discovery and disclosure of the settlement agreement to Plaintiffs. (Docs. ## 65–71.)

The issues posed by the Complaint in this case are:

1. Did Plaintiffs have an agreement with Defendants Sutherland and Pritchard concerning the amount of Plaintiffs' attorneys' fees for services rendered?

2. If so, what were the terms of that agreement?

3. If attorneys' fees are payable to Plaintiffs, how much is payable, and who is liable for the payment?

The issues raised by the pending Motions are:

1. Should the settlement agreement between Sutherland/Pritchard and State Farm be disclosed to Plaintiffs, despite the agreement's provision to maintain its confidentiality?

2. Should the Court compel Defendants Pritchard, Sutherland and State Farm to answer the additional discovery requested by Plaintiffs concerning the settlement?

These discovery issues are of first impression in the Fourth Circuit and the District Courts within that Circuit.

Plaintiffs contend that the Court should first determine the relevance of the settlement agreement (upon a showing that admissible evidence will be generated by the dissemination of the document), *Bottaro v. Hatton Assoc.*, 96 F.R.D. 158 (E.D.N.Y. 1982), and then weigh the competing interests of the parties in its continued confidentiality, *McCullough v. Nichols*, No. 9404CV0093, 1995 WL 679265 (Mass.Dist.Ct. Aug. 3, 1995). They assert that the agreement is highly relevant to their claim for attorneys' fees which were contingent upon success in both the underlying claim and the bad faith action. In weighing the competing interests of the parties, Plaintiffs rely on *McCullough, supra*, in which the court held that the third party attorney's interest in disclosure outweighed the private parties' efforts to maintain confidentiality. Plaintiffs also cite *Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D.N.Y.1977), in which a judgment creditor was given access to portions of a confidential settlement agreement to facilitate "a full inquiry into the assets of the judgment debtors." (Pl. Mem., doc. # 67, at 3–5.)

Defendant State Farm argues that Plaintiffs have failed to make the required "particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of the settlement agreement," citing *Bottaro, supra, Morse/Diesel Inc. v. Trinity Indus., Inc.*, 142 F.R.D. 80 (S.D.N.Y.1992), and *Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175 (E.D.Pa. 1995). State Farm asserts that the settlement agreement is not relevant because it

will not tend to prove or disprove whether there was a contingent fee arrangement or the amount of attorney fees claimed by Plaintiffs. "Inasmuch as plaintiffs did not participate in the bad faith action, the amount of settlement of the bad faith action is irrelevant to their claim for attorney fees." (Def. State Farm Mem., doc. # 67, at 4–5.)

Defendants Sutherland and Pritchard contend that public policy supports maintaining the confidentiality of settlement agreements, and that the agreement is not relevant to a determination of Plaintiffs' fee in the underlying case. They argue that as local counsel, Plaintiffs' fee should be measured by the services rendered in the underlying civil action, not in the bad faith action (in which Plaintiffs did not participate). They contend that all the information needed to compute the fee on the basis of *quantum meruit* is already available to Plaintiffs. (Defs. Sutherland and Pritchard Mem., doc. # 68, at 3.)

Plaintiffs respond that they have made the requisite showing under the cases and the circumstances of this case and are entitled to disclosure of the settlement agreement. (Pl. Resp., doc. # 69.)

State Farm's response argues that the settlement agreement has no relevance to a determination of the fee under a *quantum meruit* analysis. If a contingent fee is awarded, State Farm contends that a simple calculation would be performed, without disclosure of the agreement. (Def. State Farm Reply, doc. # 70, at 2.)

Defendants Sutherland and Pritchard reiterate their position that the settlement agreement is not relevant to this case, that Plaintiffs have not explained why the agreement is relevant, and that the agreement will not provide useful and necessary information. (Defs. Sutherland and Pritchard Reply, doc. # 71, at 2–3.)

When the requested discovery concerns a confidential settlement agreement, the majority of courts considering the issue have required the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions. In *Bottaro v. Hatton*

*Associates,* 96 F.R.D. 158, 159 (E.D.N.Y. 1982), the court noted that Rule 26(b) itself provides that "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." The *Bottaro* court held as follows:

> Given the strong public policy of favoring settlements and the congressional intent to further that policy by insulating the bargaining table from unnecessary intrusions [Fed.R.Evid. 408], we think the better rule is to require some particularized showing of a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement.

*Id.* at 160. The *Bottaro* court found that the showing had not been made, and refused disclosure.

In *Morse/Diesel, Inc. v. Fidelity and Deposit Co. of Maryland,* 122 F.R.D. 447, 451 (S.D.N.Y.1988), the court used the heightened standard analysis, found that the required showing had been made, and ordered disclosure of the settlement materials.

A similar result was reached in *Fidelity Federal Savings and Loan Ass'n v. Felicetti,* 148 F.R.D. 532, 534 (E.D.Pa.1993). The *Felicetti* court characterized the heightened standard as "switch[ing] the burden of proof from the party in opposition to the discovery to the party seeking the information."

In *Lesal Interiors, Inc. v. Resolution Trust Corp.,* 153 F.R.D. 552, 562 (D.N.J. 1994), the court applied the heightened standard, and refused disclosure.

In *Vardon Golf Co. v. BBMG Golf Ltd.,* 156 F.R.D. 641, 650–51 (N.D.Ill.1994), the court concluded that the *Bottaro* standard overstated the nature of the proponent's burden. Rather than require a "particularized showing," the court noted that Rule 26(b) considers what is "reasonably calculated to lead to the discovery of admissible evidence."

> [W]e hold that where information sought in discovery would not be admissible due to an exclusionary rule in the Federal Rules of Evidence, the proponent of discovery may obtain discovery (1) by showing that the evidence is admissible for another pur-

pose other than that barred by the Federal Rules of Evidence or (2) by articulating a plausible chain of inferences showing how discovery of the item sought would lead to other admissible evidence. The proponent may do this by simply articulating what kind of information it reasonably expects to find in the documents sought and how this will lead to other admissible evidence. The proponent need not show that the information expected is in fact in the items sought, but need only articulate why it is reasonable to believe that information of that nature would be revealed were discovery permitted.

Despite the lessened standard, the court refused disclosure in *Vardon Golf.*

At least one court has rejected the *Bottaro* heightened standard, has applied the normal relevancy standard of Rule 26(b), and has placed the burden on the party opposing discovery to establish some good cause or sound reason for withholding the material. *Bennett v. La Pere*, 112 F.R.D. 136, 140 (D.R.I.1986). In *Bennett,* the court found that the requested documents were relevant and not privileged and that no sound reason had been shown to withhold them from disclosure. Moreover, the *Bennett* court opined that disclosure would enable the parties to appraise the case realistically, to consider settlement, and to avoid protracted litigation. "So long as the policy of the Rules is the promotion of the 'just, speedy, and inexpensive' resolution of cases, then fair settlements must always be encouraged. Fairness cannot be achieved when one said is needlessly blindfolded." *Id.* at 141.

The case which is closest in its facts to the instant action is *McCullough v. Nichols*, No. 9404CV0093, 1995 WL 679265, *2 (Mass.Dist. Ct. Aug. 3, 1995), in which the plaintiff-attorneys sued their former clients for breach of contract and, alternatively, in *quantum meruit,* for failure to honor a written fee agreement and to pay attorneys' fees. Defendants counterclaimed, alleging failure of adequate representation. The court held as follows:

> [I]t is my view that when private parties to a civil action enter into an agreement providing for the non-disclosure of settlement terms, the privilege from disclosing those terms that is thereby created must yield to a request for discovery by a third party attorney in an independent action for recovery of counsel fees against one of the settling parties for services performed in connection with the subject matter of the case that was settled in circumstances in which the terms and conditions of the prior settlement are central to the third party cause of action.

■ The threshold question is whether the requested discovery, including the disclosure of the confidential settlement agreement, is relevant to this litigation. Any discussion of relevancy in the context of discovery must begin with Fed.R.Civ.Proc. 26(b), which provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." "All relevant evidence is admissible." Fed.R.Evid. 402. Courts have construed Rule 26(b) to permit very broad discovery, encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978).

Review of the pleadings in the instant case reveals that Plaintiffs allege that there was an oral contingency fee contract between Plaintiff Young and Defendant Pritchard's attorneys, with the fee to be determined upon the successful outcome of both the underlying action and the insurance action. Defendants Pritchard and Sutherland admit that there was an implicit agreement to compensate Plaintiff Young for his services, and that the amount of the fee was not agreed. They deny the existence of a contingency fee agreement, and contend that Plaintiff Young can recover a fee based only on *quantum meruit.* (Answer, ¶¶ 13, 28, 30, at 5, 8, 9.)

■ This Court has authority over attorneys' fees in the underlying action and the insurance action because those cases were litigated in this Court, because the instant action was filed in this Court, and because this Court has inherent power to supervise the collection of attorneys' fees and to monitor contingent fee agreements. *Jenkins v. McCoy*, 882 F.Supp. 549, 553 (S.D.W.Va. 1995) (collecting cases).

This case is to be tried to the Court sitting without a jury to decide what fee arrangement was agreed by Plaintiff Young and Pritchard's attorneys, what the fee should be, and who should pay it. When the District Court considers the issues, it is likely that twelve factors will be used to determine an appropriate fee:

 1. The time and labor required;

 2. The novelty and difficulty of the questions;

 3. The skill requisite to perform the legal service properly;

 4. The preclusion of other employment by the attorney due to acceptance of the case;

 5. The customary fee;

 6. Whether the fee is fixed or contingent;

 7. Time limitations imposed by the client or the circumstances;

 8. The amount involved and the results obtained;

 9. The experience, reputation, and ability of the attorneys;

 10. The "undesirability" of the case;

 11. The nature and length of the professional relationship with the client; and

 12. Awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir.1994); *Daly v. Hill*, 790 F.2d 1071, 1075–76 (4th Cir.1986); *Anderson v. Morris*, 658 F.2d 246, 248 (4th Cir.1981); *Jenkins*, 882 F.Supp. at 558; *Statler v. Dodson*, 195 W.Va. 646, 466 S.E.2d 497, 505–06 (1995); *Aetna Cas. & Sur. Co. v. Pitrolo*, 176 W.Va. 190, 342 S.E.2d 156, 161 (1986).

It is evident, and the Court so finds, that the requested discovery material is relevant to the issues in this case. Contrary to Defendants' position, a District Court's determination of an attorney's fee is not a simple mathematical calculation of "percentage multiplied by verdict," or "number of hours multiplied by hourly rate." A District Court's responsibility in a dispute over attorneys' fees requires review of each attorney's performance and role in the cases which are relevant to the dispute, in light of the *Johnson* factors. In determining whether the fee is fixed or contingent (factor 6), Plaintiffs should be able to examine Defendant Sutherland's file and to question him concerning his understanding as to whether Plaintiff Young's fee was fixed or contingent. The results obtained (factor 8) cannot be determined without knowing what State Farm paid to settle with Pritchard, Sutherland, and Smith. A large verdict has little value unless the judgment is actually paid in whole or in part.

■ Having determined that the requested discovery material is relevant, the next question is whether it is privileged. As noted above, Defendants Sutherland and Pritchard have waived the attorney-client and work product privileges as to discovery items 1 through 6. (Doc. # 62.) State Farm does not assert any privilege. Therefore, the Court concludes that the requested discovery material is relevant and not privileged.

■ The next inquiry is whether the requested discovery material is admissible. Federal Rule of Evidence 408 provides as follows:

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to provide liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations.

This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

If the confidential settlement agreement or related discovery material were offered into evidence at the trial of this case, it would not be offered to prove State Farm's liability for bad faith or unfair trade practices, nor to prove the invalidity of the claim that State Farm engaged in bad faith or unfair trade practices, nor to prove the amount of the claim against State Farm. Presumably the settlement agreement and the related discovery materials would be offered into evidence for other purposes, that is, to prove the nature of the agreement with Plaintiff Young, and the results obtained in the subject cases. While it is the decision of the presiding District Judge to determine whether evidence is admissible, this Magistrate Judge considers it probable that the confidential settlement agreement and the related discovery materials would be admissible for the purposes stated. At a minimum, the Court finds that the confidential settlement agreement and the related discovery materials constitute information which is reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.Proc. 26(b).

Having determined that the discovery requests are relevant and not privileged, and that the discovery material is probably admissible (or likely to lead to admissible evidence), the Court notes that applicable cases support disclosure. *Bottaro*, 96 F.R.D. at 160; *Morse/Diesel, Inc.*, 122 F.R.D. at 451; *Vardon Golf Co.*, 156 F.R.D. at 650–51; *McCullough, supra*, 1995 WL 679265, at *2. The weight of authority and Rule 26(b) itself impose upon the requesting party a greater burden to establish the relevancy, and to gain discovery, of otherwise inadmissible non-privileged confidential settlement documents. But if the requesting party shows that the "information appears reasonably calculated to lead to the discovery of admissible evidence," then it is probably discoverable. It is appropriate to protect confidential set-tlement agreements, but not if such protection prevents necessary discovery.

The settlement agreement contains specific terms bearing on the disposition of files and the relationships among attorneys and represented parties which directly affect this litigation. Moreover, the hand-written note attached to document # 63 suggests that Plaintiff Young and Pritchard's first attorney discussed Young's receiving a contingent fee based on the outcome of both the underlying action and the insurance action if verdicts were rendered. If the confidentiality provision were enforced against Plaintiffs, then Plaintiffs would probably be blocked in their efforts to obtain documentary and testamentary evidence concerning any agreement concerning their fees.

For the reasons stated and after careful consideration of the terms of the settlement agreement, the facts of the underlying and insurance actions, and all the cited cases, the Court holds that the confidential settlement agreement signed by Defendants Sutherland, Pritchard and State Farm, and the other discovery materials that it protects by its confidentiality provision, are discoverable because Plaintiffs have demonstrated their relevance and probable admissibility (or likelihood of leading to admissible evidence). The Court concludes that the requested discovery, including the settlement agreement, is likely to lead to the discovery of admissible evidence relevant to the issues posed by this case, i.e., the existence, terms, and proper enforcement of any agreement between Plaintiffs, on the one hand, and Defendants Sutherland and Pritchard, on the other hand.

For these reasons, it is hereby **ORDERED** that Plaintiffs' Motions to Compel with respect to Defendants Pritchard and Sutherland (docs. ## 38 and 56), as modified by the discovery requests set forth in document # 61, are granted in part and denied in part as follows, but any disclosure shall be subject to a protective order:

1. Amount and terms of settlement: granted;

2. Amount of attorneys' fees: granted;

3. Escrow: granted;

4. Sutherland's contract: denied as disclosure has already been made;

5. Sutherland's work: granted;

6. Sutherland's file in the bad faith action: granted; and

7. Synopsis of information: granted to the extent of the disclosure required by Rule 26(a)(1)(A) and otherwise denied.

It is further **ORDERED** that Plaintiffs' Motions to Compel with respect to State Farm (docs. ## 37 and 55), as modified by the discovery requests set forth in document # 61, are granted as follows, but any disclosure shall be subject to a protective order:

1. Amount and terms of the settlement: granted;

2. Escrow-related information: granted; and

3. Identity of person who decided not to honor the attorney's lien: granted.

It is further **ORDERED** that no disclosure shall be made unless and until all parties execute an agreed protective order. No later than **October 18, 1996,** the parties shall submit to the Court for entry an agreed protective order.

It is further **ORDERED** that the Motion for Protective Order (doc. # 33) is denied.