DECISION
This matter is before the Court on Defendant Beta Group, Inc.'s (hereinafter Beta or Defendant) Motion to Compel the Production of Documents. In its motion to compel, dated July 21, 2007, Defendant seeks production of a copy of any settlement agreement entered into between Plaintiff and Co-Defendant Rhode Island Department of Transportation (hereinafter RIDOT) and disclosure of the terms of the settlement.
Plaintiff filed the within negligence action in connection with a construction project located near his home. Plaintiff alleges that the "Middle Highway project" commenced on or about November 10, 2003 with the purpose of reconstructing a fish culvert over the Mussachuck Creek and the Defendants' ensuing negligence led to multiple sewer line breaks, causing severe flooding of the area and other damage to Plaintiff's property. Plaintiff brought suit against Defendants RIDOT, Beta Group, Inc., and A. Korey Construction, Inc. Prior to the filing of an answer by RIDOT, Plaintiff settled his claim with RIDOT under undisclosed terms and for an undisclosed amount. *Page 2 
Defendant has filed the within motion to compel, seeking disclosure of the settlement agreement.
Defendant Beta advances three unsupported assertions in support of its argument that the settlement agreement must be disclosed.[1] First, it notes that if found to be a joint tortfeasor, it is entitled to a setoff of any funds paid by RIDOT against any judgment Plaintiff may recover against it. Second, Defendant argues that Plaintiff should not be allowed to "double dip," stating that it is entirely possible that Plaintiff has recovered the full value of his claims through the settlement with RIDOT and is merely pursuing claims against Co-Defendant A. Korey Construction, Inc. and itself in order to obtain a windfall. Finally, Defendant states that RIDOT has threatened to file a separate civil action against it to recover not only monies paid to Plaintiff, but also monies paid to fix the culvert and repair Middle Highway. Defendant speculates that having settled with Plaintiff, RIDOT might now provide favorable testimony on Plaintiff's behalf in any upcoming trial in this matter. Defendant argues that it is entitled to explore issues of bias with respect to RIDOT witnesses, and the terms of any settlement entered into would be relevant.
Plaintiff has objected to the motion to compel, noting that Rule 408 of the Rules of Evidence states that a settlement agreement is not admissible evidence for proving or disproving liability of a claim or its amount. Plaintiff argues that the settlement amount paid by RIDOT is utterly irrelevant to the issues in this case and need only be disclosed when apportioning damages pursuant to the Uniform Contribution Among Tortfeasors Act. After reviewing the arguments of each party, this Court denies Defendant Beta's motion to compel. *Page 3 
The Superior Court Rules of Civil Procedure, Rule 26(b)(1) provides a broad scope of discovery and allows litigants to obtain information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . ." In contrast to this liberal discovery provision, Rule 408 of the Rhode Island Rules of Evidence makes evidence relating to settlement negotiations inadmissible to prove the validity of the claim or its amount. However, Rule 408 also states that exclusion is not required "when the evidence is offered for another purpose, such as proving bias or prejudice of a witness. . . ." Finally, Rule 26(b)(1) further provides that "It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."
As noted by the court in Vardon Golf Company, Inc. v BBMG GolfLTD., 156 F.R.D. 641 (Ill. N.D. 1994) with respect to the Federal Rules of Evidence, after which many of Rhode Island's rules are modeled, "A fundamental tension exists between the liberal discovery provisions of the Federal Rule [sic] of Civil Procedures and the various exclusionary rules found in the Federal Rules of Evidence." Id. at 650. The court then noted that under Rule 26(b)(1) an item inadmissible at trial is discoverable if the information sought appears to be reasonably calculated to lead to the discovery of admissible evidence. The court then addressed the question of which party's burden it is to establish that the item is reasonably calculated to lead to the discovery of admissible evidence. The Vardon court noted that courts were divided on the subject, and stated:
 "Those courts placing the burden on the proponent of discovery follow Bottaro v. Hatton Associates, 96 F.R.D. 158 (E.D.N.Y. 1982). Courts placing the burden on the opponent of discovery to show that the evidence is not likely to lead to the discovery of admissible evidence follow Bennett *Page 4 v. LaPere, 112 F.R.D. 136 (D.R.I. 1986). The Bottaro court held that because Congress intended to exclude certain items of evidence, the burden should be placed upon the proponent of discovery to make some "particularized showing" of a likelihood that admissible evidence will be generated by discovery of the information. 96 F.R.D. at 160. The Bennett court rejected Bottaro, reasoning that Bottaro misconceived the Congressional intent and the basis of the policies underlying the exclusionary rule. Bennett, 112 F.R.D. at 139-40. It concluded that policies favoring sweeping discovery mandate placing the burden of proving that the information sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery. Id. at 140." Vardon, 156 F.R.D. at 650.
The Rhode Island Supreme Court has not specifically ruled on this issue. (See, e.g., Pickwick Park Ltd. v. Terra Nova Insurance Co., 602 A.2d 515
(R.I. 1992)) wherein Rhode Island case law is silent concerning the application of a Rule, our courts look to other jurisdictions that have interpreted a similarly worded Rule.
In the instant matter, analysis under either approach requires a finding that the settlement agreement is not Discoverable at this time. Although Defendant is correct that it is entitled to setoff, immediate disclosure of the settlement agreement is not required. As noted inBottaro:
 "While it is true that a settling defendant's liability for contribution depends on whether he paid his share of any damage award, Herzfeld v. Laventhol, Krekstein, Horwath Horwath, 540 F.2d 27, 39 (2d Cir. 1976); accord Laventhol Krekstein, Horwath Horwath v. Horwitch, 637 F.2d 672, 675 (9th Cir. 1981); Professional Beauty Supply v. National Beauty Supply, 594 F.2d 1179, 1182 n. 4 (8th Cir. 1979), this determination cannot be made until a final judgment has been rendered. In re Nat'l Student Marketing Litigation, 517 F. Supp. 1345, 1347
(D.C. Cir. 1981). Only at that juncture will the full liability of all defendants be known, and the pro rata share owed by the settling party ascertained. Fischer, Contribution in 10b-5 Actions, 33 Bus. Lawyer 1821, 1832 (1978). Even then, the settlement would not be evidence relevant to any issue in this case other than the ministerial apportionment of damages, a mathematical computation which the Court rather than the jury will perform. Hence, the amount of the settlement is not relevant to any issue in this case at this time." Id. at 160. *Page 5 
Defendant's second argument, the possibility that Plaintiff may receive a "windfall," is also unavailing. The full value of Plaintiff's claims will be determined at trial. Disclosure of the settlement agreement and the amount paid by Defendant RIDOT sheds no light on what the ultimate value of Plaintiff's claim will be. Also, as noted by Plaintiff, ". . . the possibility of a windfall is precisely defeated by the Uniform Contribution Among Tortfeasors Act, R.I.G.L. § 10-6-7." (Plaintiff's Objection to Motion to Compel at 5.)
Finally, Defendant's arguments that disclosure is required because RIDOT has threatened to file a separate civil action and that disclosure is relevant to the issue of bias are also unavailing. If RIDOT files a separate civil action seeking indemnification, disclosure of the settlement agreement would be necessary. As to bias, Defendant merely states that since RIDOT has settled, it "may now provide favorable testimony on [Plaintiff's] behalf in any upcoming trial in this matter." Such rank speculation as to present or future bias is a wholly insufficient reason for ordering disclosure of the settlement agreement.
For the reasons stated above, Defendant Beta Group Inc.'s Motion to Compel Production of Documents is denied. Counsel shall prepare an Order for entry consistent with this Decision.
[1] Defendant's motion is devoid of any legal analysis or citation to case law. *Page 1