COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

July 21, 2014

Thad J. Bracegirdle, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 North Grant Avenue, Suite 100
Wilmington, DE 19806

Seth J. Reidenberg, Esquire
Tybout, Redfearn & Pell
750 Shipyard Drive, Suite 400
Wilmington, DE 19801

Re: *Matthew v. Laudamiel, et al.*
C.A. No. 5957-VCN
Date Submitted: July 7, 2014

Dear Counsel:

Two discovery disputes between Plaintiff Stewart Matthew and Defendant Fläkt Woods Group, SA ("Fläkt Woods") require resolution.[1] The first involves the scope of discovery into Plaintiff's scenting activities following dissolution of Aeosphere. The second raises the question of whether a non-settling defendant may inspect an unredacted settlement (the "Settlement Agreement") reached by

---

[1] Familiarity with the background of this litigation is presumed. *See, e.g.*, *Matthew v. Laudamiel*, 2012 WL 605589 (Del. Ch. Feb 21, 2012), *rev'd*, 56 A.3d 1023 (Del. 2012) (generally reviewing the various claims).

Plaintiff and Defendants Roberto Capua and Action 1 SRL (the "Settling Defendants).

1. Fläkt Woods has inquired about Plaintiff's post-dissolution scenting activities for two reasons: mitigation and, perhaps, its unclean hands defense to Plaintiff's equitable claims. Plaintiff seeks to limit the scope of the inquiry to his actions or plans involving the so-called "scent organ" used by Aeosphere. Fläkt Woods, on the other hand, proposes a broader scope—one that is generally consistent with Plaintiff's discovery into its post-dissolution activities—addressing plans and actions generally involving scenting, not limited to specific hardware.[2] As Fläkt Woods moves from the scope suggested by Plaintiff to the scope that it now sponsors, the likelihood of useful information does decline. That reduction, however, does not justify precluding discovery. The general standard of Court of Chancery Rule 26(b)(1) ("any matter not privileged, which is relevant to the

---

[2] Fläkt Woods has narrowed the scope of the dispute somewhat by its focus on scenting-related activities instead of any remunerative activity that Plaintiff pursued or could have pursued.

subject matter of the pending action") is, of course, liberal and does not in this instance justify limiting Fläkt Woods' efforts.[3]

Limiting Fläkt Woods' discovery along the lines advocated by Plaintiff would, unfortunately and inevitably, leave for him to decide which of his activities—if any—depended upon Aeosphere's proprietary information. Fläkt Woods is entitled to know what those actions may have been; that will enable it to conclude, through its perspective, whether Plaintiff's conduct was informed by (or dependent upon) the proprietary knowledge of Aeosphere.

2. Plaintiff settled with the Settling Defendants. Fläkt Woods wants a copy of the joint tortfeasor Settlement Agreement, intended to have been adopted under 10 *Del. C.* ch. 63. A redacted version was provided, and the Plaintiff has agreed to narrow the scope of his redactions to minimize concerns about the potential that there were improper incentives that may have motivated the settlement. As a practical matter, the disagreement here has been reduced to the

---

[3] A broad standard is consistent with the Fourth Amended Complaint. There, at paragraph 51, the Plaintiff assails Defendant's conduct not only with respect to the scent organ, but also with "larger, commercial air scenting systems." Aeosphere was focused on the use of the "scent organ," and it is likely that use of its property—tangible and intangible—would relate more directly to the scent organ, but Aeosphere's business aspirations cannot be confirmed so easily at this stage.

amount of the settlement and the timing of its disclosure. If the Plaintiff prevails after trial, this number—all agree—will become subject to discovery and use in allocating liability. Fläkt Woods, however, asserts that the entire Settlement Agreement—including the settlement amount and the timing of its payment—is now proper. Conversely, Plaintiff argues that discovery of the agreement is premature.

When considering a discovery request to access such an agreement, Delaware courts "balance the interests of the parties, in terms of both facilitating the settlement of litigation, on the one hand, and allowing access to admissible evidence or information that may lead to the discovery of admissible evidence, on the other hand."[4] Matthew does not dispute the non-settling defendants' right to contribution in the form of a set off from the joint tortfeasors, the Settling Defendants. However, he primarily relies on *Bottaro v. Hatton Associates*[5] to support his contention that the financial information which may be used to calculate the amount of the set off should not be made until a final judgment has

---

[4] *In re Pietlock*, 2005 WL 2335460, at *1 (Del. Ch. Sept. 14, 2005).
[5] 96 F.R.D. 158, 160 (E.D.N.Y. 1982).

been rendered.[6]   The Court is persuaded by those cases which did not follow

*Bottaro*'s reasoning, which was, in part, based upon Federal Rule of Evidence 408

and concerned admissibility rather than discoverability.  The information requested

is relevant, and as another federal court reasoned after noting the liberality of

Federal Rule of Civil Procedure 26(b)(1), "[d]iscovery of the settlement documents

will allow the remaining defendants to assess their remaining liability."[7]   This

conclusion is appropriate here as well, and no policy counsels against the timely

release of such settlement information.[8]

Moreover, this Court has elsewhere ruled that similar settlement information

should be released under Court of Chancery Rule 26(b), because it could "provide

a basis for reducing the damages against the [non-settling] Defendants . . . or . . .

---

[6] *Id.* at 160.  It is relevant that a variety of cases at the federal level either rejected *Bottaro*'s reasoning or found grounds upon which to distinguish it.  *See, e.g.*, *Barclay v. Gressit*, 2013 WL 3819937 (D. Me. July 24, 2013); *Rates Tech. Inc. v. Cablevision Sys. Corp.*, 2006 WL 3050879 (E.D.N.Y. Oct. 20, 2006); *In re CFS-Related Sec. Fraud Litig.*, 2003 WL 24136089 (N.D. Okla. July 31, 2003); *Johnson Matthey, Inc. v. Research Corp.*, 2003 WL 24136087 (S.D.N.Y. June 16, 2003); *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364 (N.D. Ill. 2001); *Bennett v. La Pere*, 112 F.R.D. 136 (D.R.I. 1986).
[7] *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001).
[8] The amount paid (or to be paid) by the Settling Defendants, of course, does not guide the question of whether Fläkt Woods is liable.

the amount of any judgment entered against them."[9] Although such reasoning did not explicitly rely on 10 *Del. C.* § 6304, as Fläkt Woods does here, *Beard Research*'s reasoning nonetheless supports a similar conclusion in this context. In sum, the broad standard of Court of Chancery Rule 26(b) entitles Fläkt Woods to an unredacted copy of the Settlement Agreement.[10]

\* \* \*

Accordingly, full responses shall be provided by Plaintiff within fourteen calendar days to:

1.      Request No. 45 to Defendant Fläkt Woods Group SA's Third Request for Production of Documents Directed to Plaintiff;

2.      Interrogatory No. 23 and Interrogatory No. 27 to Defendant Fläkt Woods Group SA's Second Set of Interrogatories Directed to Plaintiff Stewart Matthew; and

---

[9] *Beard Research, Inc. v. Kates*, 2008 WL 5330557, at \*1 (Del. Ch. Dec. 15, 2008).

[10] The Plaintiff and the Settling Defendants negotiated that the settlement's terms would be maintained as confidential. The Settlement Agreement should be treated as such, in accordance with the parties' agreement.

3.      Document Requests 3 and 4 to Second Set of Document Requests by

Defendants Christophe Laudamiel, Roberto Capua, Action 1 SRL, and DreamAir

LLC Directed to Plaintiff Stewart Matthew.[11]

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:     Stephanie S. Habelow, Esquire
        Mr. Christophe Laudamiel
        DreamAir LLC
        Register in Chancery-K

---

[11] Fläkt Woods pursued this discovery after the Settling Defendants resolved Plaintiff's claims against them.  Def. Fläkt Woods Group SA's Mot. to Compel Produc. of Docs. and Resps. to Interrogs., Ex. J.

Because of the novel issues and the not fully consistent authority governing the discovery disputes, Plaintiff's opposition to Fläkt Woods' discovery efforts was substantially justified. *See* Ct. Ch. R. 37(a)(4).  Accordingly, no award of expenses is warranted.